## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| LISA WHITE, *et al.*, <br> on behalf of themselves and all <br> others similarly situated, <br><br> Plaintiff, <br> v. <br><br> FCA US LLC, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Case No.: 4:21-cv-11696-SDK-DRG

District Judge Shalina D. Kumar

Magistrate Judge David R. Grand

### PLAINTIFF KELLY MAYOR'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND APPOINTMENT OF PROPOSED CO-LEAD CLASS COUNSEL

Plaintiff Kelly Mayor, by and through her attorneys, respectfully moves the Court for an Order:

1.      Granting preliminary approval of the proposed Class Action Settlement ("Settlement" or "Settlement Agreement");

2.      Preliminarily certifying, for settlement purposes only, and pursuant to the terms of the Settlement Agreement, the proposed Settlement Class for the purposes of providing notice to the members of the proposed Settlement Class, approving the form and content of, and directing the distribution of the proposed Class Notices, attached to the Settlement Agreement as Exs. A & B.

3.      Authorizing and directing the Parties to retain Kroll as the Settlement

Administrator and approving the form and content of, and directing the distribution of, the proposed Class Notice;

4.     Appointing The Miller Law Firm, P.C., Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., DiCello Levitt LLP, and McCune Law Group, APC as Proposed Co-Lead Class Counsel; and

5.     Scheduling a date for the Final Approval Hearing not earlier than one hundred and twenty (180) days after Preliminary Approval is granted.

In support of this Motion, Plaintiff has contemporaneously filed a Memorandum of Law, with exhibits attached thereto.

In accordance with E.D. Mich. L.R. 7.1(a), Plaintiff's counsel sought the concurrence of Defendant's counsel in the relief sought by this motion on October 3, 2024, and Defendant's counsel stated that Defendant does not oppose the relief requested herein.

For the reasons set forth in the Memorandum of Law, Plaintiff respectfully requests that the Court grant her Unopposed Motion.

Dated: October 4, 2024        By:    /s/ E. Powell Miller
                                                 E. Powell Miller (P39487)
                                                 Dennis A. Lienhardt (P81118)
                                                 Mitchell J. Kendrick (P83705)
                                                 **THE MILLER LAW FIRM PC**
                                                 950 West University Drive, Suite 300
                                                 Rochester, Michigan 48307
                                                 Telephone:  248-841-2200
                                                 epm@millerlawpc.com

2

dal@millerlawpc.com
W. Daniel "Dee" Miles III
H. Clay Barnett III
J. Mitch Williams
Dylan T. Martin
**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
272 Commerce Street
Montgomery, Alabama 36104
Telephone:  334-269-2343
dee.miles@beasleyallen.com
clay.barnett@beasleyallen.com
mitch.williams@beasleyallen.com
dylan.martin@beasleyallen.com

Adam J. Levitt
John E. Tangren
Daniel R. Ferri
Blake Stubbs
**DICELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Telephone:  312-214-7900
alevitt@dicellolevitt.com
jtangren@dicellolevitt.com
dferri@dicellolevitt.com
bstubbs@dicellolevitt.com

Richard D. McCune
David C. Wright
Mark I. Richards
Steven A. Haskins
**MCCUNE LAW GROUP, MCCUNE
WRIGHT AREVALO VERCOSKI
KUSEL WECK APC**
3281 East Guasti Road, Suite 100
Ontario, California 91761
Telephone:  909-345-8110
rdm@mccunewright.com
dcw@mccunewright.com

3

mir@mccunewright.com
sah@mccunewright.com

*Counsel for Plaintiff and Proposed Co-Lead
Counsel for the Putative Class*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| LISA WHITE, *et al.*, | ) | |
| on behalf of themselves and all | ) | Case No.:  2:21-cv-11696-SDK-DRG |
| others similarly situated, | ) | |
| | ) | District Judge Shalina D. Kumar |
| Plaintiff, | ) | |
| v. | ) | Magistrate Judge David R. Grand |
| | ) | |
| FCA US, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

---

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND APPOINTMENT OF <u>PROPOSED CO-LEAD CLASS COUNSEL</u>

i

## <u>STATEMENT OF ISSUES PRESENTED</u>

1. Whether Plaintiff's settlement with Defendant, embodied in the Settlement Agreement (Attached as Ex. 1), is fair, reasonable, and adequate and should be preliminarily approved?

   Plaintiff's Answer: Yes.

2. Whether the Court should provisionally certify the Settlement Class as it is defined herein under Federal Rule of Civil Procedure 23(a) and 23(b)(3)?

   Plaintiff's Answer: Yes.

3. Whether the Court should appoint The Miller Law Firm, P.C., Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., Dicello Levitt LLP, and McCune Law Group, APC as Proposed Co-Lead Class Counsel since they have extensive experience in class action litigation and exhaustive resources to ensure the matter is prosecuted efficiently and effectively?

   Plaintiff's Answer: Yes.

4. Whether the Court should approve the Parties' proposed notices to Class Members where they fairly and fully apprise the prospective Members of the Class of the terms proposed in the Settlement, the reasons for the Settlement, and the legal effective of the Settlement, and provide Class Members with an opportunity to lodge objections and/or opt out, and whether the Court should authorize the Parties to retain Kroll as the Settlement Administrator?

   Plaintiff's Answer: Yes.

5. Whether the Court should set a date for a final fairness hearing to consider any objections to the proposed settlement?

   Plaintiff's Answer: Yes.

## **TABLE OF CONTENTS**

STATEMENT OF ISSUES PRESENTED .................................................... ii

TABLE OF CONTENTS .......................................................................... iii

TABLE OF AUTHORITIES ...................................................................... iv

TABLE OF MOST CONTROLLING AUTHORITIES ..................................... vii

I.     INTRODUCTION ............................................................................1

II.    PROCEDURAL HISTORY .................................................................1

III.   FACTUAL BACKGROUND ...............................................................3

    A.    Relevant Parties ........................................................................3

    B.    The Class Vehicles and Sliding Door Latch Defect .......................3

IV.   THE SETTLEMENT AGREEMENT AND TERMS ................................6

    A.    The Proposed Settlement Class ...................................................6

    B.    The Settlement Benefits and Settlement Consideration ...........................7

       1.   Warranty Extension and Reimbursement ...............................7

    C.    Release of Claims ......................................................................8

    D.    Settlement Notice and Right to Opt Out.....................................8

    E.    Attorneys' Fees and Expenses and Plaintiff's Service Award ...............10

V.    THE SETTLEMENT CLASS SHOULD BE PRELIMINARILY
CERTIFIED .......................................................................................10

    A.    The Settlement Class Satisfies the Requirements of Rule 23(a) ...........12

    B.    The Settlement Class May Be Properly Certified Under Rule 23(b)(3) 13

       1.   Common Issues of Fact and Law Predominate .......................13

       2.   A Class Action Is a Superior Method of Adjudication..........................14

VI.   THE PROPOSED SETTLEMENT SATISFIES THE STANDARDS FOR
PRELIMINARY APPROVAL................................................................15

    A.    There Is No Fraud or Collusion .................................................17

    B.    The Complexity, Expense, and Likely Duration of the Litigation Favor
Approval............................................................................................18

    C.    The Discovery Engaged in by the Parties Favors Approval...................18

    D.    The Likelihood of Success on the Merits Favors Approval ................19

    E.    Experienced Proposed Class Counsel's Opinions Favor Settlement .....20

    F.    The Settlement Is Fair to Absent Class Members................................21

    G.    The Settlement is Consistent with the Public Interest ...........................21

VII.  THE COURT SHOULD APPOINT CLASS COUNSEL ........................22

VIII. THE FORM AND MANNER OF NOTICE ARE PROPER ................23

IX.   CONCLUSION ...............................................................................25

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997) .......................................................................... 11, 12, 16, 18

*Bautista v. Twin Lakes Farms, Inc.*,
  2007 WL 329162 (W.D. Mich. Jan. 31, 2007)....................................................20

*Beattie v. CenturyTel, Inc.*,
  234 F.R.D. 160 (E.D. Mich. 2006)......................................................................14

*Beattie v. CenturyTel, Inc.*,
  511 F.3d 554 (6th Cir. 2007) ..............................................................................16

*Chapman v. Gen. Motors LLC*,
  2023 WL 2746780 (E.D. Mich. Mar. 31, 2023)..................................................16

*Daffin v. Ford Motor Co.*,
  458 F.3d 549 (6th Cir. 2006) ........................................................................ 14, 16

*Daoust v. Maru Rest., LLC*,
  2019 WL 1055231 (E.D. Mich. Feb. 20, 2019) ..................................................12

*Daoust v. Maru Restaurant, LLC*,
  2019 WL 2866490 (E.D. Mich. July 3, 2019)............................................... 22, 29

*Franks v. Kroger Co.*,
  649 F.2d 1216 (6th Cir. 1981) .............................................................................19

*Garner Props. & Mgmt, LLC v. City of Inkster*,
  333 F.R.D. 614 (E.D. Mich. Jan. 17, 2020) .......................................................13

*Granada Invs., Inc. v. DWG Corp.*,
  962 F.2d 1203 (6th Cir. 1992) ...................................................................... 18, 27

*Griffin v. Flagstar Bancorp, Inc.*,
  2013 WL 6511860 (E.D. Mich. Dec. 12, 2013)..................................................19

iv

*In re Cardizem CD Antitrust Litig.*,
  218 F.R.D. 508 (E.D. Mich. 2003) ................................................................ 24, 26

*In re Packaged Ice Antitrust Litig.*,
  2011 WL 6209188 (E.D. Mich. Dec. 13, 2011) .................................................25

*In re Rio Hair Naturalizer Prods. Liab. Litig.*,
  1996 WL 780512 (E.D. Mich. Dec. 20, 1996) ...................................................26

*In re Telectronics Pacing Sys., Inc.*,
  137 F. Supp. 2d 985 (S.D. Ohio 2001) ................................................. 20, 21, 24

*In re U.S. Foodservice Inc. Pricing Litig.*,
  729 F.3d 108 (2d Cir. 2013) ..............................................................................18

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*,
  722 F.3d 838 (6th Cir. 2013 ....................................................................... 12, 17

*Int'l Union, United Auto., Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*,
  497 F.3d 615 (6th Cir. 2007) .............................................................................11

*IUE-CWA v. Gen. Motors Corp.*,
  238 F.R.D. 583 (E.D. Mich. 2006) ....................................................................23

*Leonhardt v. ArvinMeritor, Inc.*,
  581 F. Supp. 2d 818 (E.D. Mich. 2008) ............................................................21

*Pelzer v. Vassalle*,
  655 Fed. Appx. 352 (6th Cir. 2016) ..................................................................19

*Persad v. Ford Motor Co.*,
  2021 WL 6197051 (E.D. Mich. Dec. 30, 2021) .................................................21

*Rankin v. Rots*,
  2006 WL 1876538 (E.D. Mich. June 27, 2006) .................................................25

*Raymo v. FCA US LLC*,
  2023 WL 6429548 (E.D. Mich. Sept. 30, 2023 ......................................... *passim*

*Robinson v. Ford Motor Co.*,
  2005 WL 5253339 (S.D. Ohio June 15, 2005)...................................................20

*Rutherford v. City of Cleveland*,
  137 F.3d 905 (6th Cir. 1998) ............................................................................15

*Senter v. Gen. Motors Corp.*,
  532 F.2d 511 (6th Cir. 1976), *cert. denied*, 429 U.S. 870 (1976) ......................13

*Speerly v. Gen. Motors, LLC*,
  343 F.R.D. 493 (E.D. Mich. 2023)....................................................................16

*UAW v. Ford Motor Co.*,
  2006 WL 1984363 (E.D. Mich. July 13, 2006)........................................... *passim*

*Vassalle v. Midland Funding, LLC*,
  2014 WL 5162380 (N.D. Ohio Oct. 14, 2014)....................................................19

**Other Authorities**

William B. Rubenstein, NEWBERG ON CLASS ACTIONS, § 4.74 (5th ed. 2020)  15, 17

**Rules**

Fed. R. Civ. P. 23 ............................................................................................. 11, 24
Fed. R. Civ. P. 23(a)................................................................................... 11, 12, 13
Fed. R. Civ. P. 23(a)(1)...........................................................................................12
Fed. R. Civ. P. 23(a)(4)................................................................................... 13, 22
Fed. R. Civ. P. 23(b) ...................................................................................... 11, 13
Fed. R. Civ. P. 23(b)(3)................................................................................ 13, 14, 15
Fed. R. Civ. P. 23(c)(2).............................................................................................23
Fed. R. Civ. P. 23(e)......................................................................................... 15, 23
Fed. R. Civ. P. 23(e)(1).............................................................................................23
Fed. R. Civ. P. 23(g) ....................................................................................... 22, 23
Fed. R. Civ. P. 23(g)(1)(A) .....................................................................................22
Fed. R. Civ. P. 23(h) ...............................................................................................24

# <u>TABLE OF MOST CONTROLLING AUTHORITIES</u>

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591 (1997)

*Int'l Union, United Auto., Aerospace, and Agr. Implement Workers of Am.
    v. Gen. Motors Corp.*, 497 F.3d 615 (6th Cir. 2007)

*Raymo v. FCA US LLC*,
    2023 WL 6429548 (E.D. Mich. Sept. 30, 2023)

Fed. R. Civ. P. 23

## I.   INTRODUCTION

The Settlement satisfies all the prerequisites for preliminary approval. Plaintiff Kelly Mayor, on behalf of herself and the proposed Class, respectfully submits this Memorandum of Law in Support of her Unopposed Motion for Preliminary Approval of Class Action Settlement and Appointment of Co-Lead Class Counsel ("Preliminary Approval Motion") and respectfully moves the Court for preliminary approval of the proposed Class Action Settlement ("Settlement" or "Settlement Agreement") entered into with Defendant FCA US, LLC ("FCA US" or "Defendant") as set forth in the Settlement Agreement, attached as Ex. 1.

## II.   PROCEDURAL HISTORY

This action was originally filed on July 21, 2021, ECF No. 1, and the First Amended Complaint, ECF No. 10 ("FAC"), was filed on August 19, 2021.

During a stay of proceedings, the Parties participated in a formal mediation on January 18, 2022. That mediation was unsuccessful, and the Parties resumed litigation. On March 30, 2022, Defendant filed its Motion to Dismiss Plaintiff's FAC. ECF No. 26. On May 31, 2022, Plaintiffs filed their Response to Defendant's Motion to Dismiss. ECF No. 33. On June 30, 2022, Defendant filed its Reply in support of its Motion to Dismiss. ECF No. 35.

On March 31, 2023, the Court issued its 42-page Order Granting in Part and Denying Part Defendant's Motion to Dismiss. ECF No. 45. While the Court dismissed

(1) all Plaintiffs' express warranty claims and any MMWA claims premised upon them; (2) the implied warranty claims of Plaintiff Mayor, Dobransky, Zadrozny, and Eisenhart and any MMWA claims premised upon them; and (3) Plaintiff Mayor's Florida Deceptive and Unfair Trade Practices Act claim, multiple claims survived for each Plaintiff and each of the five states pled in the FAC.

On June 13, 2024, the Court entered a scheduling order setting forth deadlines for the close of discovery, challenges to experts, and a briefing schedule on Plaintiffs' Motion for Class Certification. ECF No. 51. Since that time, the Parties have diligently litigated this case, including negotiations of an ESI protocol, protective order, search terms, and the Parties also decided to revisit settlement discussions.

On February 20, 2024, under the auspices of Mr. Tom McNeil, the Parties engaged in arms' length negotiations regarding settlement terms, including those relating to the scope of relief and complex allocation issues. The mediation was unsuccessful, but the Parties continued to meaningfully negotiate a potential settlement while litigating the ongoing discovery disputes.

In the Spring of 2024, after months of litigation and additional settlement negotiations, the Parties reached a settlement-in-principle to fully resolve the Action, subject to the execution of Settlement Agreement. On August 29, 2024, the Parties informed the Court of the settlement-in-principle, requested the Court stay all current

deadlines, and set a date for Plaintiffs to file their motion for Preliminary Approval of Class Action Settlement. ECF No. 67.

## III.   FACTUAL BACKGROUND

### A. Relevant Parties

Plaintiff is a purchaser of a Dodge Grand Caravan built between January 1, 2017 and December 31, 2017 (the "Class Vehicles").

Defendant FCA US is a Michigan limited liability company, with its principal office located in Auburn Hills, Michigan. FCA US designs, manufactures, distributes, and warrants various vehicles under several prominent brand names, including Chrysler, Jeep, and Dodge throughout the United States.

### B. The Class Vehicles and Sliding Door Latch Defect

FCA US launched its fifth-generation minivans in 2008, featuring the Dodge Grand Caravan and the Chrysler Town & Country. ¶[1] 62. Plaintiff avers that, like the Class Vehicles, the early production fifth-generation FCA US minivans suffered door latch system failure. ¶ 63. Plaintiff asserts too that FCA US began receiving owner complaints of door latch system failure as early as 2008, and in June 2009, FCA US's predecessor filed for protection under the United States Bankruptcy Code. ¶¶ 63-64. FCA US acquired all its predecessor's assets and liabilities, and continued manufacturing vehicles under the Dodge and Chrysler brands.

---

[1] All "¶" references herein refer to paragraphs of Plaintiff's FAC, ECF No. 10, PageID.276-396.

The components of the power sliding door latching system in the Class Vehicles include, *inter alia*, a door latch assembly, lock assembly electronic switches, a central communication brain, metal connecting rods, and linkages and cables. ¶ 71. In the Class Vehicles, the door latch assemblies mechanically lock and unlock the door latches, thereby allowing the doors to be opened or closed, based upon electrical or mechanical commands. *Id.* A door actuator is an electric motor that controls the latching, locking, unlatching and unlocking of vehicle doors. ¶ 72. When a button is pressed on the key fob (or in the vehicle), a signal to latch/lock or unlatch/unlock the door is sent to the Body Control Module (BCM) which, in turn, communicates with the sliding door actuator. *Id.*

Plaintiff has alleged that in the Class Vehicles, the sliding door fails to lock or unlock, either with the electronic controls or manually. ¶ 73. Failure to lock or unlock the sliding door with electronic controls (or even manually) indicates that the actuator may have failed. *Id.* If a door sensor communicates that one of the passenger doors is partially closed the vehicle's interior dome light will continuously illuminate, the door chime will sound, the alarm system will not arm, and the "door ajar" indicator light, located in the instrument cluster, will illuminate. *Id.* Additionally, the vehicle doors will not lock, neither while the vehicle is parked nor while being driven. *Id.* Further, if this condition continues when the vehicle is turned off, it can completely drain the vehicle's battery and leave the vehicle operator and passengers stranded. *Id.*

Moreover, a fault within other sliding door latch system components, such as the connecting rods or latches, can disrupt various functions of the door latch system, including latch or lock operability. ¶ 77.

Plaintiff alleges that the Class Vehicles were designed and manufactured with insufficient and defective sliding door latch systems, whose defects arise from non-robust lock actuators or related components. ¶ 80. These defects, as alleged, render the Class Vehicles prone to door failure. *Id.* Once the door locks cease operating properly, the door latch assemblies and door latching system fail to function as intended and expected and can result in further problems with the BCM or other components. *Id.* As a result, the door latch assemblies, including the actuators, must be replaced. *Id.*

Plaintiff further contends that the Sliding Door Latch Defect poses serious safety and security issues for operators and occupants of the Class Vehicles. For instance, Plaintiff avers one failure mode of the Sliding Door Latch Defect involves the latch system failing in the locked position while the rear sliding doors are closed. When this happens, the doors cannot be unlocked manually or remotely, and the doors freeze in the closed position. ¶ 85. Separately, if the latch system fails in the lock position while the rear sliding doors are open, the doors will bounce off the strikers and refuse to close. *Id.* A second failure mode of the Sliding Door Latch Defect, as alleged, involves the latch system failing in the unlocked position. ¶ 86. When this happens, the door cannot be locked either manually or remotely, and the door can be

opened (by children) while the vehicle is in motion. *Id.* This failure mode runs afoul of the National Highway Traffic Safety Administration's ("NHTSA") regulation requiring doors to automatically lock while the vehicle is in motion. *Id.*; *see also* Federal Motor Vehicle Safety Standard 49 C.F.R § 571.206, § 4.3.1. Moreover, the inability to lock the door increases the odds of uninvited entry. ¶ 86. The safety risks attendant with each failure mode are multiplied if the latch system in both sliding doors fail. ¶ 87.

Plaintiff contends that FCA US was aware of the Sliding Door Latch Defect since at least 2008 but failed to notify customers about it or provide any adequate remedy for it. ¶¶ 100-132. Plaintiff alleges that, had FCA US disclosed the Sliding Door Latch Defect, they would not have purchased their Class Vehicles or would have paid less for them. ¶¶ 13, 26, 34, 42, 51, 60. As a result, Plaintiff alleges, all Class Members have suffered economic harm from Defendants' conduct.

## IV.   THE SETTLEMENT AGREEMENT AND TERMS

### A. The Proposed Settlement Class

Except for the exclusions set forth in the following paragraph, Plaintiff seeks to certify the following Class for Settlement purposes only:

> All individuals who purchased or leased in the United States a Dodge Grand Caravan built between January 1, 2017 and December 31, 2017.

*See* Settlement Agreement, ¶ 2.6.

Excluded from the Settlement Class are: FCA US; any affiliate, parent, or subsidiary of FCA US; any entity in which FCA US has a controlling interest; any officer, director, or employee of FCA US; any successor or assign of FCA US; and any judge to whom this Action is assigned, his or her spouse; individuals and/or entities who validly and timely opt-out of the settlement; and current or former owners of Class Vehicles who previously released their claims in an individual settlement with FCA US relating to the Action.

**B. The Settlement Benefits and Settlement Consideration**

The Settlement provides significant benefits to the Settlement Class, which is nationwide in scope. The Settlement also provides for direct notice to Class Members of the terms of the Settlement. Specifically, the Settlement provides for the following:

**1. Warranty Extension and Reimbursement**

FCA US has provided a warranty extension applicable to the Class Vehicles that covers the cost of all parts and labor needed to repair a condition caused by the Sliding Door Latch Defect, for the earlier of ten (10) years from the in-service date of the Class Vehicle or 100,000 miles driven. The warranty extension follows the Class Vehicles and is not personal to any owner or lessee.

FCA US will also reimburse, after submission of a valid claim for reimbursement, Settlement Class Members the cost of repairs relating to a failing sliding door lock actuator.

Pursuant to the Settlement, FCA US shall also be responsible for all Administration Expenses, including Class Notice.

## C. Release of Claims

As set forth in the Settlement Agreement, in exchange for the above settlement benefits, Plaintiff and the Settlement Class will release Defendant from liability for any claim arising from, related to, connected with, and/or in any way involving the Action, the Class Vehicles' Door Latch Systems, and/or associate parts that are, or could have been, defined, alleged, or described  in the Class Action Complaint, the Action, or any amendments of the Class Action Complaint. *Id.* § 6.2. The release of liability does not include claims for personal injury, wrongful death, and/or property damage (except to the Door Latch System in the Class Vehicles itself) from the Class Vehicles. *Id.*

## D. Settlement Notice and Right to Opt Out

Upon the issuance of the order granting preliminary approval of the Settlement, FCA US will provide, within 30 days of the order, the Settlement Administrator with all available names and mailing address information for original and subsequent purchasers and lessors of each Class Vehicle, along with those Class Vehicles' Vehicle Identification Numbers ("VINs") for purposes of mailing the Notice. *Id.* § 4.6. The Settlement Administrator will obtain, as needed, additional and corrected address information and then provide by direct U.S. mail, to all reasonably identifiable Class

Members, a notice substantially in the form attached as Ex. A to the Settlement Agreement (the "Short-Form Notice"). *Id.* § 4.4.

The Settlement Administrator will set up and maintain a settlement website where Class Members can access a "Long-Form Notice," attached as Ex. B to the Settlement Agreement; a copy of the Settlement Agreement; the operative complaint; and additional information about the Action and Settlement. *Id.* § 4.5. The Short-Form Notice will include the address of the settlement website, as well as a toll-free number for an interactive voice recording service that allows Class Members to request a paper copy of the Long-Form Notice.

Any Class Member may make a request for exclusion by submitting a request in writing as set forth in the Notice. *Id.* at Section VIII. The deadline for submitting such a request will be specified in the Court's preliminary approval order. Any request for exclusion shall:

(i)     State the Class Member's full name and current address;

(ii)    Provide the model year and VIN of her/her/its Class Vehicle(s) and the approximate date(s) of purchase or lease; and

(iii)   Specifically and clearly state his/her/its desire to be excluded from the Settlement and the from the Settlement Class.

*Id.* The Settlement Administrator shall report the names of all Class Members who have submitted a request for exclusion to the Parties on a weekly basis, beginning 30

9

days after the Notice Date. *Id.* § 8.7. Any Class Member who submits a timely request for exclusion may not file an objection to the Settlement and shall be deemed to have waived any right or benefits under the Settlement Agreement.

### E. Attorneys' Fees and Expenses and Plaintiff's Service Award

Plaintiff intends to file a motion for attorneys' fees, a service award, and expenses prior to the final approval hearing. The Parties have agreed that Proposed Class Counsel may apply to the Court for up to $1,750,000, inclusive of all attorneys' fees and expenses *Id.* § 5.1. These attorney fees and expenses shall be in addition to the benefits provided directly to the Settlement Class (and shall be in addition to the class representative Service Award) and shall not reduce or otherwise have any effect on the benefits made available to the Settlement Class. *Id.* § 5.2.

Further, the Parties have agreed that Class Counsel may request a Service Award of $3,000 for Plaintiff Mayor, made as part of the Attorneys' Fees and Expenses Application, that FCA US separately pays. *Id.* § 5.3.

### V.   THE SETTLEMENT CLASS SHOULD BE PRELIMINARILY CERTIFIED

In conjunction with granting preliminary approval of the Settlement, the Court should preliminarily certify the Settlement Class, comprised of "all individuals who purchased or leased in the United States a Dodge Grand Caravan built between January 1, 2017 and December 31, 2017. *Id.* § 2.6. In doing so, the Court should appoint Plaintiff Mayor as class representative of the Settlement Class.

A proposed settlement class must satisfy the requirements of Rule 23. *Int'l Union, United Auto., Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 625 (6th Cir. 2007). To be entitled to class certification, a class must satisfy each of Rule 23(a)'s four prerequisites to class certification: (i) numerosity; (ii) commonality; (iii) typicality; and (iv) adequacy of representation. *See* Fed. R. Civ. P. 23(a). In addition, the proposed class must meet one of the three requirements of Rule 23(b). *See* Fed. R. Civ. P. 23(b).

The fact that the Parties have reached a settlement in this matter is a relevant consideration in the class certification analysis. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 619 (1997). Indeed, "courts should give weight to the parties' consensual decision to settle class action cases, because that law favors settlement in class action suits." *Daoust v. Maru Rest., LLC*, 2019 WL 1055231, at *1 (E.D. Mich. Feb. 20, 2019) (granting preliminary approval of class action settlement); *see Amchem*, 521 U.S. at 620 (when "[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems . . . for the proposal is that there be no trial.").

District courts are given broad discretion to determine whether certification of a class action lawsuit is appropriate. *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 850 (6th Cir. 2013). "At the preliminary-approval stage, the Court assesses 'simply whether the settlement is fair enough' to start class

11

notice." *Raymo v. FCA US LLC*, 2023 WL 6429548, at *2 (E.D. Mich. Sept. 30, 2023) (citing *Garner Props. & Mgmt, LLC v. City of Inkster*, 333 F.R.D. 614, 626 (E.D. Mich. Jan. 17, 2020)).

### A. The Settlement Class Satisfies the Requirements of Rule 23(a)

The proposed Settlement Class meets Rule 23(a)'s requirements of numerosity, commonality, typicality, and adequacy of representation. *See Senter v. Gen. Motors Corp.*, 532 F.2d 511, 526 (6th Cir. 1976), *cert. denied*, 429 U.S. 870 (1976); *UAW*, 497 F.3d at 625-26. The Class, consisting of current and former owners and lessees of approximately 148,795 Class Vehicles, is "so numerous that joinder of all members is impracticable." *See* Fed. R. Civ. P. 23(a)(1); *Raymo*, 2023 WL 6429548, at *5 (certifying settlement class of 17,705 class members).

Plaintiff asserts that common issues of fact and law are present because the Class's causes of action all flow from the same alleged common defect. *See Daffin v. Ford Motor Co.*, 458 F.3d 549, 552 (6th Cir. 2006) (affirming finding of commonality based on an alleged uniform design defect in vehicles). These common issues include whether the Sliding Door Latch Defect exists in the Class Vehicles, whether FCA US had knowledge of the Defect when they placed the Class Vehicles into the stream of commerce, whether FCA US knowingly failed to disclose the existence and cause of the Defect in the Class Vehicles, and whether FCA US had a duty to disclose the Defect in the Class Vehicles. *See, e.g.*, *Raymo*, 2023 WL 6429548, at *5. Typicality is

12

also satisfied because the Settlement Class's claims all arise from the same course of conduct and the common Sliding Door Latch Defect. *Id.*; *see also Beattie v. CenturyTel, Inc.*, 234 F.R.D. 160, 169 (E.D. Mich. 2006).

Finally, the Plaintiff "will fairly and adequately protect the interests of the class." *See* Fed. R. Civ. P. 23(a)(4). Plaintiff has common interests with other Class Members and has vigorously prosecuted the interests of the Class through qualified counsel. *Rutherford v. City of Cleveland*, 137 F.3d 905, 909 (6th Cir. 1998). There is no conflict between the Plaintiff and any member of the Settlement Class.

### B. The Settlement Class May Be Properly Certified Under Rule 23(b)(3)

In addition to Rule 23(a), a proposed class must satisfy one of the three alternatives of Rule 23(b). Plaintiff here seeks certification under Rule 23(b)(3).

Certification for settlement purposes under Rule 23(b)(3) is appropriate here. Rule 23(b)(3) requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Both requirements are satisfied here.

#### 1. Common Issues of Fact and Law Predominate

Rule 23(b)(3)'s predominance requirement "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 564 (6th Cir. 2007) (quoting *Amchem*, 521 U.S. at 632). Plaintiff

13

asserts that, here, "common proof for questions of fact, rather than individualized circumstances, predominate because [FCA US's alleged] conduct regarding [the defect] claims was the same across all allegedly affected [vehicles]." *Raymo*, 2023 WL 6429548, at *5. Those common questions include whether there is a Sliding Door Latch Defect, and if so, whether FCA US was aware of the existence of the Defect, whether FCA US concealed the existence of the Defect, and whether Class Members sustained damages. Courts have routinely found that similar common issues predominate in automotive defect cases. *See, e.g.*, *Chapman v. Gen. Motors LLC*, 2023 WL 2746780, at *8-9 (E.D. Mich. Mar. 31, 2023); *Speerly v. Gen. Motors, LLC*, 343 F.R.D. 493, 508-22 (E.D. Mich. 2023); *Daffin*, 458 F.3d at 554. Given the alleged uniformity of the Sliding Door Latch Defect and FCA US's conduct, resolution of the Settlement Class's claims is particularly suitable for adjudication on a collective basis pursuant to Rule 23(b)(3).

### 2. A Class Action Is a Superior Method of Adjudication

Rule 23(b)(3) also requires that Plaintiff demonstrate that a class action is "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Here, class-wide resolution of this Action is the superior method of adjudication. *Raymo*, 2023 WL 6429548, at *5.

First, the value of each individual Class Member's claim is too low to incentivize most Class Members to litigate their claims individually and weighs in

favor of concentrating the claims in a single action. *In re Whirlpool*, 722 F.3d at 861. This is especially true here, where most Settlement Class Members would likely be unable or unwilling to individually shoulder the expense of litigating the claims at issue against Defendant. *See id.*

In addition, because the central issues here related to the Sliding Door Latch Defect are allegedly common to all Class Members, resolution on a class-wide basis is the most efficient method of resolving the claims. *See* 2 William B. Rubenstein, NEWBERG ON CLASS ACTIONS, § 4.74 (5th ed. 2020) (noting that "a finding of predominance is typically . . . coupled with a finding that a class is manageable"). Indeed, proceeding as a class action will "achieve significant economies of 'time, effort and expense, and promote uniformity of decision.'" *In re U.S. Foodservice Inc. Pricing Litig.*, 729 F.3d 108, 130 (2d Cir. 2013) (quoting Fed. R. Civ. P. 23(b)(3) advisory committee's notes to 1966 amendment).

## VI. THE PROPOSED SETTLEMENT SATISFIES THE STANDARDS FOR PRELIMINARY APPROVAL

Rule 23(e) governs the settlement of class actions. *See* Fed. R. Civ. P. 23(e); *Amchem*, 521 U.S. at 617. Under Rule 23(e), a class settlement must be "fair, reasonable, and adequate." *UAW*, 497 F.3d at 631 (citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992)). The Sixth Circuit has recognized that "the law generally favors and encourages the settlement of class actions." *See, e.g.*, *Franks v. Kroger Co.*, 649 F.2d 1216, 1224 (6th Cir. 1981); *UAW*, 497 F.3d at 632

("[W]e must consider—the federal policy favoring settlement of class actions."); *Vassalle v. Midland Funding, LLC*, 2014 WL 5162380, at *6 (N.D. Ohio Oct. 14, 2014), *aff'd sub. nom. Pelzer v. Vassalle*, 655 Fed. Appx. 352 (6th Cir. 2016); *Griffin v. Flagstar Bancorp, Inc.*, 2013 WL 6511860, at *2 (E.D. Mich. Dec. 12, 2013).

The Sixth Circuit utilizes seven factors in evaluating class action settlements: "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *UAW*, 497 F.3d at 631; *see also Raymo*, 2023 WL 6429548, at *2-3. In considering these factors, courts apply a "strong presumption" in favor of finding a settlement to be fair. *In re Telectronics Pacing Sys., Inc.*, 137 F. Supp. 2d 985, 1008 (S.D. Ohio 2001) ("Being a preferred means of dispute resolution, there is a strong presumption by courts in favor of settlement."); *see also Bautista v. Twin Lakes Farms, Inc.*, 2007 WL 329162, at *5 (W.D. Mich. Jan. 31, 2007); *Robinson v. Ford Motor Co.*, 2005 WL 5253339, at *4 (S.D. Ohio June 15, 2005). "A district court need not consider every factor in every case, nor need it weigh every factor equally. Instead, the court may choose to 'consider only factors that are relevant to the settlement and may weigh particular factors according to the demands of the case.'" *Raymo*, 2023 WL 6429548, at *3

16

(quoting *Leonhardt v. ArvinMeritor, Inc.*, 581 F. Supp. 2d 818, 832 (E.D. Mich. 2008)). The seven-factor standard supports approval of the Settlement.

## A. There Is No Fraud or Collusion

The Parties have at all relevant times been represented by experienced counsel. Proposed Class Counsel have significant experience litigating numerous consumer class actions, including automotive defect cases. *See* Exs. 2-5. The Settlement Agreement was achieved only after arm's-length and good faith negotiations between the Parties, as well as an in-person mediation with Mediator Tom McNeill. As such, there is no indication of fraud or collusion. *In re Telectronics Pacing, 137 F. Supp. 2d at 1016* (quoting NEWBERG ON CLASS ACTIONS § 11.51 (3d ed. 1992) ("Courts respect the integrity of counsel and presume the absence of fraud or collusion in negotiating the settlement, unless evidence to the contrary is offered."); *see also Raymo*, 2023 WL 6429548, at *4 (holding no indications of fraud or collusion and noting that the negotiations were facilitated by mediator Judge Morton Denlow (Ret.)); *Persad v. Ford Motor Co.*, 2021 WL 6197051, at *2 (E.D. Mich. Dec. 30, 2021) (finding "[s]ettlement is fair, reasonable, and adequate, and serves the best interests of the [s]ettlement [c]lass" where "[t]he [s]ettlement was the result of arm's-length negotiation involving a mediator by experienced counsel with an understanding of the strengths and weaknesses of their respective cases").

**B. The Complexity, Expense, and Likely Duration of the Litigation Favor Approval**

The Settlement in this Action comes at an opportune time given that, if the litigation continues, there will be substantial additional expense to the Parties associated with necessary expert discovery, depositions, dispositive motion practice, and pre-trial preparations. The Parties have negotiated at arm's-length relatively early in the litigation, preventing the need for a drawn-out case that would likely have consumed thousands of hours in attorney time, millions of dollars in litigation expenses for both Parties, and delayed relief to the Class. If litigation continues, the Parties will engage in extensive fact and expert discovery, including depositions, the review of thousands of documents, and future briefing on class certification and summary judgment. *See Daoust v. Maru Restaurant, LLC*, 2019 WL 2866490, at *2 (E.D. Mich. July 3, 2019); *Raymo*, 2023 WL 6429548, at *4.

And, even if Plaintiff prevailed at trial, it could be years before any Settlement Class Members receive any benefit due to the potential for post-trial motions and appeals. Meanwhile, the Settlement provides substantial relief to the Settlement Class in a prompt and efficient manner. "Whatever the relative merits of the parties' positions, there is no such thing as risk-free, expense-free litigation." *IUE-CWA v. Gen. Motors Corp.*, 238 F.R.D. 583, 596 (E.D. Mich. 2006).

**C. The Discovery Engaged in by the Parties Favors Approval**

The Parties have exchanged significant discovery regarding the Defect,

18

including FCA US's production of approximately 15,500 pages of confidential internal documents. Proposed Class Counsel have also consulted extensively with their experts to review this information and analyze the Defect. This allowed Proposed Class Counsel to make informed decisions regarding the terms of the Settlement Agreement and sufficiently assess whether they are fair, reasonable, and adequate.

### D. The Likelihood of Success on the Merits Favors Approval

When evaluating the reasonableness of a class action settlement, courts consider "the risks, expense, and delay Plaintiff would face if they continued to prosecute this complex litigation through trial and appeal and weighs those factors against the amount of recovery provided to the Class in the Proposed Settlement." *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 523 (E.D. Mich. 2003). A settlement is generally viewed favorably because "class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them." *In re Telectronics Pacing*, 137 F. Supp. 2d at 1013. In short, "[t]he outcome is never certain in complex class actions . . ." *Raymo*, 2023 WL 6429548, at *4.

Here, but for the Settlement, the litigation would continue to be contested, and counsel for all Parties were committed to litigate this case through trial and beyond, if necessary. Accordingly, there are substantial risks and costs if this Action were to proceed, such as the risks of class certification, trial, and any interlocutory or subsequent appeals. While Proposed Class Counsel believe that the Plaintiff and

putative Class would ultimately prevail at trial, and while FCA US similarly believes it would ultimately prevail, the Parties recognize that ultimate success is not assured and believe that this Settlement, when considering the risks of proving both liability and recoverable damages, is unquestionably fair, adequate, and reasonable. *See, e.g.*, *In re Packaged Ice Antitrust Litig.*, 2011 WL 6209188, at *11 (E.D. Mich. Dec. 13, 2011) (finding that while Plaintiff may "remain optimistic about their ultimate chance of success[,] there is always a risk that Defendants could prevail with respect [to] certain legal or factual issues," which weighs in favor of approval of settlement). As such, avoiding unnecessary expense of time and resources clearly benefits all parties and the Court. *See UAW v. Ford Motor Co.*, 2006 WL 1984363, at *24 (E.D. Mich. July 13, 2006) ("The costs and uncertainty of lengthy and complex litigation weigh in favor of settlement").

**E. Experienced Proposed Class Counsel's Opinions Favor Settlement**

In considering approval of a proposed settlement, "[t]he Court should also consider the judgment of counsel and the presence of good faith bargaining between the contending parties." *Rankin v. Rots*, 2006 WL 1876538, at *3 (E.D. Mich. June 27, 2006). Proposed Class Counsel here have extensive experience in handling class action cases, including automotive defect cases like at issue here. Exs. 2-5. Proposed Class Counsel have thoroughly investigated and analyzed the claims alleged in this Action, have made informed judgements regarding the Settlement and believe it is

fair, reasonable, and adequate. The oversight of negotiations by an experienced mediator further weighs in support of preliminary approval.

## F.  The Settlement Is Fair to Absent Class Members

This factor evaluates whether the settlement "appears to be the result of arm's-length negotiations between the parties and fairly resolves all claims which were . . . asserted." *In re Rio Hair Naturalizer Prods. Liab. Litig.*, 1996 WL 780512, at *14 (E.D. Mich. Dec. 20, 1996). As set forth above, the Settlement Agreement was reached only after numerous settlement discussions between the Parties spanning multiple years and a formal mediation session with Mr. McNeill. The resulting Settlement provides fair terms to all Class Members.

## G. The Settlement is Consistent with the Public Interest

Finally, the Court should consider whether the Settlement is consistent with the public interest. "[T]here is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources." *In re Cardizem CD*, 218 F.R.D. at 530 (quoting *Granada Invs., Inc.*, 962 F.2d at 1205); *see also Raymo*, 2023 WL 6429548, at *5.

Here, it is clearly in the public interest to approve this Settlement. The Settlement provides extensive benefits (including a warranty extension and reimbursement for past out-of-pocket costs), resolves the claims of the Class,

eliminates the risk of non-recovery on behalf of the Class, provides certainty to the Parties and the Class, and eases the burden of the Court's resources. These reasons, plus the "federal policy favoring settlement of class actions[,] weighs in favor of the settlement." *Id.* (citing *UAW*, 497 F.3d at 632).

## VII. THE COURT SHOULD APPOINT CLASS COUNSEL

Pursuant to Fed. R. Civ. P. 23(g), Plaintiff also moves to appoint The Miller Law Firm, P.C., Beasly, Allen, Crow, Methvin, Portis & Miles, P.C., Dicello Levitt LLP, and McCune Law Group, APC, as Proposed Co-Lead Class Counsel. Rule 23(g) focuses on the qualifications of class counsel, contemplating the requirement of Rule 23(a)(4) that the representative parties adequately represent the interests of the class members. Rule 23(g)(1)(A) specifically instructs a court to consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class;

*Id.* Here, each of Rule 23(g)(1)(A)'s considerations weigh strongly in favor of appointing Proposed Class Counsel. Specifically, Proposed Class Counsel performed substantial work identifying and investigating potential claims and supporting the allegations in the FAC. As part of their investigation and work, Proposed Class Counsel consulted with experts and carefully reviewed public materials along with documents and information produced by Defendant.

As reflected in their firm resumes, Proposed Class Counsel have substantial experience, individually and collectively, successfully prosecuting class actions and other complex litigation, including claims of the type asserted in this Action. *See* Exs. 2-5. Hence, Proposed Class Counsel's extensive efforts in prosecuting this case, combined with their in-depth knowledge of the subject area, satisfy Rule 23(g).

## VIII.  THE FORM AND MANNER OF NOTICE ARE PROPER

The manner in which the Class Notice is disseminated, as well as its content, must satisfy Fed. R. Civ. P. 23(c)(2) (governing class certification notice), Rule 23(e)(1) (governing settlement notice), and due process. *See Daoust*, 2019 WL 1055231, at *2; *Raymo*, 2023 WL 6429548, at *6. These requirements are adequately satisfied here. Rule 23(e) requires that notice of a proposed settlement be provided to class members. Notice satisfies the Rule when it adequately puts settlement class members on notice of the proposed settlement and "describes the terms of the settlement, informs the classes about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing." *Daoust*, 2019 WL 1055231, at *2.

Here, following the Court granting preliminary approval of the Settlement, the Settlement Administrator will provide the Short-Form Notice by direct U.S. mail. Ex. 1 § 4.4, Ex. A to Settlement Agreement. The Settlement Administrator will also set up and maintain a settlement website where Class Members can access a "Long-Form

Notice" (*Id.* § 4.5., Ex. B to Settlement Agreement), a copy of the Settlement Agreement, the operative complaint, and additional information about the Action and Settlement. *Id.* The Short-Form Notice will include the address of the settlement website, as well as a toll-free number for an interactive voice recording service that allows Class Members to request a paper copy of the Long-Form Notice.

The proposed notice plan satisfies all of Rule 23's requirements. The language of the Class Notice was drafted jointly by the Parties and is written in plain, simple terminology, including: (1) a description of the Settlement Class; (2) a description of the claims asserted in the action; (3) a description of the Settlement benefits and release of claims; (4) the deadlines and instructions for requesting exclusion; (5) the identity of Class Counsel for the Settlement Class; (6) the Final Approval Hearing date; (7) an explanation of the of eligibility for appearing at the Final Approval Hearing; and (8) the deadline and instructions for objecting to the Settlement. The Class Notice thus will allow Settlement Class Members to make an informed and intelligent decision on whether to submit a Claim Form, exclude themselves, or object to the Settlement. In addition, pursuant to Fed. R. Civ. P. 23(h), the proposed Class Notice sets forth the maximum amount of Attorneys' Fees and Expenses and Service Awards that may be sought.

The dissemination of the Class Notice likewise satisfies all requirements. The Settlement Administrator will mail the Short-Form Notice to the last known address of

the identifiable members of the Settlement Class, which will be checked and updated via the National Change of Address database. *See* Ex. 1, § 4.6. If any Class Notice is returned as undeliverable, the Settlement Administrator shall perform a reasonable search for a more current address and re-send the Class Notice. *Id.* § 4.8.

Accordingly, the proposed Class Notice complies with the standards of fairness, completeness, and neutrality required of a settlement class notice disseminated under authority of the Court. *Raymo*, 2023 WL 6429548, at *6.

## IX. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court: (1) grant preliminary approval of the Settlement as fair, reasonable, and adequate, and in the best interest of the Class Members; (2) preliminarily certify the proposed Settlement Class for settlement purposes only; (3) preliminarily appoint The Miller Law Firm, P.C., Beasly, Allen, Crow, Methvin, Portis & Miles, P.C., Dicello Levitt LLP, and McCune Law Group, APC, as Proposed Co-Lead Class Counsel; (4) approve the form and content of, and direct the distribution of, the proposed Class Notice, and authorize and direct the Parties to retain Kroll as Settlement Administrator; and (5) schedule a Final Approval Hearing not earlier than 180 days after Preliminary Approval is granted.

Dated: October 4, 2024     By:   /s/ *E. Powell Miller*
                                  E. Powell Miller (P39487)
                                  Dennis A. Lienhardt (P81118)
                                  Mitchell J. Kendrick (P83705)

**THE MILLER LAW FIRM PC**
950 West University Drive, Suite 300
Rochester, Michigan 48307
Telephone:  248-841-2200
epm@millerlawpc.com
dal@millerlawpc.com
mjk@millerlawpc.com

W. Daniel "Dee" Miles III
H. Clay Barnett III
J. Mitch Williams
Dylan T. Martin
**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
272 Commerce Street
Montgomery, Alabama 36104
Telephone:  334-269-2343
dee.miles@beasleyallen.com
clay.barnett@beasleyallen.com
mitch.williams@beasleyallen.com
dylan.martin@beasleyallen.com

Adam J. Levitt
John E. Tangren
Daniel R. Ferri
Blake Stubbs
**DICELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Telephone:  312-214-7900
alevitt@dicellolevitt.com
jtangren@dicellolevitt.com
dferri@dicellolevitt.com
bstubbs@dicellolevitt.com

Richard D. McCune
David C. Wright
Mark I. Richards
Steven A. Haskins
**MCCUNE LAW GROUP, APC**

26

3281 East Guasti Road, Suite 100
Ontario, California 91761
Telephone:  909-345-8110
rdm@mccunewright.com
dcw@mccunewright.com
mir@mccunewright.com
sah@mccunewright.com

*Counsel for Plaintiff and the Proposed Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 4, 2024, the foregoing document was electronically filed using the Court's electronic filing system, which will notify all counsel of record authorized to receive such filings.

/s/ *E. Powell Miller*
E. Powell Miller (P39487)