IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| LISA WHITE, *et al.*, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> FCA US LLC, <br><br> Defendant. | Case No.: 4:21-cv-11696-SDK-DRG <br><br> District Judge Shalina D. Kumar <br><br> Magistrate Judge David R. Grand |

**ORDER GRANTING PLAINTIFF KELLY MAYOR'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND APPOINTMENT OF <u>CO-LEAD CLASS COUNSEL</u>**

Plaintiff Kelly Mayor ("Plaintiff"), on behalf of herself and the proposed Class, and Defendant FCA US LLC ("FCA" or "Defendant"), by and through their undersigned attorneys, hereby submit this proposed Stipulated Order for Preliminary Approval of Class Action Settlement:

WHEREAS, Plaintiffs filed this class action alleging that certain Chrysler and Dodge vehicles were equipped with rear power sliding doors with defective lock actuators and/or door latches;

WHEREAS, on October 3, 2024, Plaintiff executed a Settlement Agreement with FCA on behalf of herself and the proposed Class and seeks Preliminary Approval of the Settlement Agreement;

WHEREAS, the Court having reviewed and considered the Motion for Preliminary Approval and supporting materials filed by Settlement Class Counsel;

WHEREAS, the Court held a hearing on the Motion for Preliminary Approval on March 12, 2025; and

WHEREAS, this Court has fully considered the record and requirements of law; and good cause appearing;

IT IS THIS 17th day of March, 2025 ORDERED that the Settlement is hereby PRELIMINARILY APPROVED. The Court further finds and orders as follows:

1. The Court has subject matter jurisdiction under 28 U.S.C. § 1332(d), and venue is proper in this District.

2. The Court has personal jurisdiction over the Plaintiff, the other Settlement Class Members, and Defendant.

3. To the extent not otherwise defined herein, all defined terms in this Order shall have the meaning assigned in the Settlement Agreement.

4. The Settlement was the result of the Parties' good-faith negotiations. The Settlement was entered into by experienced counsel and only after extensive arm's-length negotiations. The Settlement is not the result of collusion.

5. The proceedings and discovery that occurred before the Parties reached the Settlement gave counsel the opportunity to adequately assess this case's

strengths and weaknesses and thus to structure the Settlement in a way that adequately accounts for those strengths and weaknesses.

6. The Court has carefully reviewed the Settlement Agreement and finds that the Settlement is fair, reasonable, adequate, and meets the standards for preliminary approval under Fed. R. Civ. P. 23(a) and (b). In light of the costs, risks, and delay of trial and appeal, the relief provided to the Settlement Class is at least adequate under Fed. R. Civ. P. 23(e)(2). Accordingly, the Court preliminarily approves all terms of the Settlement and all its Exhibits.

7. The Court conditionally certifies, for settlement purposes only, the following Settlement Class:

> *All individuals who purchased or leased in the United States a Dodge Grand Caravan built between January 1, 2017 and December 31, 2017.*

Excluded from the Settlement Class are: FCA US; any affiliate, parent, or subsidiary of FCA US; any entity in which FCA US has a controlling interest; any officer, director, or employee of FCA US; any successor or assign of FCA US; and any judge to whom this Action is assigned, his or her spouse; individuals and/or entities who validly and timely opt-out of the settlement; and current or former owners of Class Vehicles who previously released their claims in an individual settlement with FCA US relating to the Action.

8. The Court directs that pursuant to Fed. R. Civ. P. 23(e)(2), a Fairness Hearing will be held on September 16, 2025 at 10:00 a.m. [at least 180 days after

entry of Preliminary Approval Order], to consider final approval of the Settlement (the "Fairness Hearing" or "Final Approval Hearing") including, but not limited to, the following issues: (1) to determine whether to grant final approval to (a) the certification of the Settlement Class, (b) the designation of Plaintiff as representative of the Settlement Class, (c) the designation of Class Counsel as counsel for the Settlement Class, and (d) the settlement; (2) to rule on Class Counsel's request for an award of attorneys' fees and reimbursement of costs and for Service Awards to Class Representatives; and (3) to consider whether to enter the Final Approval Order. The Fairness Hearing may be adjourned by the Court, and the Court may address matters set out above, including final approval of the Settlement, without further notice to the Settlement Class other than notice that may be posted at the Court and on the Court's and Settlement Administrator's websites.

9. The Court hereby appoints Kelly Mayor as Class Representative for the Settlement Class.

10. The Court finds that it is likely to certify the Settlement Class under Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Settlement Class is sufficiently numerous under Fed. R. Civ. P. 23(a)(1).

12. The proposed Settlement would resolve common questions of law and fact under Fed. R. Civ. P. 23(a)(2).

13. Plaintiff's claims are typical of the other Settlement Class Members' claims under Fed. R. Civ. P. 23(a)(3).

14. The Court finds under Fed. R. Civ. P. 23(a)(4) that the Class Representative will fairly and adequately protect and represent the interests of all members of the Settlement Class and the interests of the Class Representative are not antagonistic to those of the Settlement Class. The Class Representative is represented by counsel who are experienced and competent in the prosecution of complex class action litigation.

15. The common issues in this litigation predominate over individual issues, at least for purposes of settlement, and the Settlement would be superior to many individual actions under Fed. R. Civ. P. 23(b)(3).

16. The Court preliminary finds that the following counsel fairly and adequately represent the interests of the Settlement Class and hereby conditionally appoints the Miller Law Firm, PC; Beasley, Allen, Crow, Methvin, Portis & Miles PC; Dicello Levitt LLP; and McCune Law Group, APC as Proposed Co-Lead Class Counsel.

17. Having found that it will likely approve the Settlement and certify the Settlement Class for purposes of settlement with Defendants, the Court hereby directs Proposed Co-Lead Class Counsel to give notice of the Settlement to the Settlement Class.

18. The Court appoints Kroll, LLC as the Settlement Administrator. The Parties are hereby authorized to retain the Settlement Administrator to supervise and administer the Notice procedure.

19. The Settlement Administrator shall report to the Parties on a weekly basis the names of all Settlement Class Members who have submitted a request for exclusion and provide copies of any and all written requests for exclusion, beginning thirty (30) days after the Notice Date.

20. The Settlement Administrator shall provide a list of all Settlement Class Members who have submitted a request for exclusion to Class Counsel no later than ten (10) days prior to the Fairness Hearing, and then file with the Court the list of all Settlement Class Members who have submitted a request for exclusion along with an affidavit attesting to the completeness and accuracy thereof no later than ten (10) days prior to the Fairness Hearing.

21. The Court has reviewed and finds that the content of the proposed forms of Notice attached as Exhibits A and B to the Settlement Agreement, which are to be displayed, along with the Settlement Agreement and its Exhibits, on the Settlement Website, satisfy the requirements of Fed. R. Civ. P. 23(c)(2), Fed. R. Civ. P. 23(e)(1), and Due Process and accordingly approves the Notice and Claim Form.

22. The Court further approves the proposed methods for giving notice of the Settlement to members of the Settlement Class, as reflected in the Settlement

Agreement. The Court has reviewed the plan for distributing Notice to the Settlement Class and finds that the notice plan is the best notice practicable under the circumstances and that it constitutes due, adequate, and sufficient notice to all persons entitled to receive notice. The Court further finds that the notice plan is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of this litigation and of their right to object to or exclude themselves from (as applicable) the proposed Settlement. The Court specifically approves the Parties' proposal that on an agreed upon date with the Settlement Administrator, but in no event more than sixty (60) days after entry of the Preliminary Approval Order, the Settlement Administrator shall cause individual Short Form Class Notice, substantially in the form attached to the Settlement Agreement as Exhibit A, to be mailed, by first class mail, to the current or last known addresses of all reasonably identifiable Settlement Class Members. The Court specifically approves the procedures set forth in the Settlement Agreement for identifying Settlement Class Members and notifying Settlement Class Members whose initial mailings are returned undeliverable. The Court finds that these procedures, carried out with reasonable diligence, will constitute the best notice practicable under the circumstances and will satisfy the requirements of Fed. R. Civ. P. 23(c)(2) and Fed. R. Civ. P. 23(e)(1) and Due Process. The Settlement Administrator shall complete

the mailing of Short Form Notices no later than ninety (90) days after entry of this Order (the "Notice Date").

23. In conjunction with the above, FCA US will cause notice of this Settlement to be provided to the Attorney General of the United States and the attorneys general of each state or territory in which a Class Member resides ("CAFA Notice").

24. Proposed Co-Lead Class Counsel shall file their motion for attorneys' fees, costs, and service award for the class representative, and all supporting documentation and papers, by ninety (90) days from the entry of this Preliminary Approval Order.

25. All papers in support of Final Approval of the Settlement, except for any responses by Class Counsel regarding objections, shall be filed and served no later than fifteen days prior to the Final Fairness Hearing. Responses concerning objections shall be filed no later than fifteen (15) days prior to the Final Fairness Hearing.

26. Persons wishing to object to the proposed Settlement and/or be heard at the Fairness hearing shall follow the following procedure:

    (a) To object, a member of the Settlement Class, individually or through counsel, must file a written objection with the Court, and

must also serve a copy thereof upon each of the following, postmarked no later than 120 days after this Preliminary Approval Order:

**Proposed Co-Lead Class Counsel:**
E. Powell Miller (P39487)
Dennis A. Lienhardt (P81118)
**THE MILLER LAW FIRM, P.C.**
950 West University Drive, Suite 300
Rochester, Michigan  48307

W. Daniel "Dee" Miles III
**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**
218 Commerce Street
Montgomery, Alabama  36104

Richard D. McCune
David C. Wright
Mark I. Richards
**MCCUNE LAW GROUP, APC**
3281 East Guasti Road, Suite 100
Ontario, California  91761

Adam J. Levitt
John E. Tangren
**DICELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois  60602

**Counsel for FCA US LLC:**
Stephen A. D'Aunoy
**KLEIN THOMAS LEE & FRESARD**
100 N. Broadway, Ste. 1600
St. Louis, Missouri 63102

(b)   Any objecting Settlement Class Member must include with his or her objection: (i) the case name and number, *Lisa White et*

9

*al. v. FCA US, LLC*, Case No. 4:21-cv-11696 (E.D. Mich); (ii) their full name, current address, and current telephone number; (iii) the model year and VIN of their Class Vehicle(s); (iv) a statement of the objection(s), including all factual and legal grounds for the position; (v) copies of any documents the objector wishes to submit in support; (vi) the name and address of the attorney(s), if any, who represent the objecting Class Member in making the objection or who may be entitled to compensation in connection with the objection; (vii) a statement of whether the Class Member objecting intends to appear at the Final Approval Hearing, either with or without counsel; (viii) the identity of all counsel (if any) who will appear on behalf of the Class Member objecting at the Final Approval Hearing and all persons (if any) who will be called to testify in support of the objection; (ix) the signature of the Class Member objecting, in addition to the signature of any attorney representing the Class Member objecting in connection with the objection, and (x) the date of the objection.

    (c)    In addition, any Class Member objecting to the Settlement will provide a list of any other objections submitted by them or their counsel to any class action settlements submitted in any court in the United States in the previous five years. If the Class Member or their

counsel have not made any such prior objection, the Class Member will affirmatively so state in the written materials provided with the objection.

(d) If the objecting Class Member intends to appear, in person or by counsel, at the Final Approval Hearing, the objecting Class Member must so state in the objection and provide Proposed Co-Lead Class Counsel and Defense Counsel and file with the Clerk of the Court a notice of intention to appear no later than 120 days from the entry of this Order, or as the Court may otherwise direct. Any Class Member who does not state their intention to appear in accordance with the applicable deadlines and other specifications, or who has not filed an objection in accordance with the applicable deadlines and other specifications, will be deemed to have waived any objections to the Settlement and can be barred from speaking or otherwise presenting any views at the Final Approval Hearing.

(e) A Settlement Member's compliance with the foregoing requirements does not in any way guarantee them the ability to present evidence or testimony at the Fairness Hearing. The decision whether to allow any testimony, argument, or evidence, as well as the scope and duration of any and all presentations of objections in the Fairness

11

Hearing, will be in the sole discretion of the Court. Subject to this discretion, an objecting Settlement Class Member may appear, personally or by counsel, at the Fairness Hearing to explain why the proposed settlement should not be approved as fair, reasonable, and adequate, or to object to any motion for Class Counsel Fees and Expenses or incentive awards.

(f) The filing of an objection by a Settlement Class Member allows Class Counsel or Defendant's Counsel to notice such objector for, and take his, her, or its deposition consistent with the Federal Rules of Civil Procedure at an agreed-upon location and to seek any documentary evidence or other tangible things that are relevant to the objection. Failure by an objector to make himself/herself/itself available for a deposition or comply with expedited discovery requests may result in the Court striking the objection and otherwise denying that person the opportunity to be heard. The Court may tax the costs of any such discovery to the objector or the objector's counsel should the Court determine that the objection is frivolous or made for improper purpose.

(g) Any objector who seeks a fee for their objection shall do so as prescribed under Federal Rule of Civil Procedure 23(e)(5)(B).

(h) Any objecting Settlement Class Member who appeals a grant of Final Approval may be required to post an appeal bond.

(i) The Parties shall promptly inform the Court of any consideration sought by an objector and the circumstances of such a request.

(j) Any response to an objection must be filed with the Court no later than fifteen (15) days prior to the Fairness Hearing.

(k) Any Class Member who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement and/or Class Counsel's motion for attorneys' fees and reimbursement of litigation expenses. Such Class Member shall forever be barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, or the requested attorneys' fees and litigation expenses, and otherwise from being heard concerning the Settlement, or the attorneys' fees and expenses request in this or any other proceeding, including by appeal or otherwise.

(l) Any attorney hired by a Settlement Class Member for the purpose of objecting to the Settlement Agreement, the proposed

13

Settlement or to the Attorneys' Fees and Expenses shall be compensated at the Settlement Class Member's expense.

27. All Settlement Class Members shall have the right to opt out of the Settlement Class at any time during the opt-out period. The opt-out deadline shall run until 150 days after issuance of this Preliminary Approval Order. Any Settlement Class Member who elects to opt out of the Settlement Class shall not: (i) be bound by any orders or judgments entered in this Action after the date of exclusion; (ii) be entitled to any relief under, or be affected by, the Settlement Agreement; (iii) gain any rights by virtue of the Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement Agreement. Any Settlement Class Member who wishes to opt out of the Settlement Class may do so by submitting a request for exclusion ("Request for Exclusion") to the Settlement Claims Administrator as provided in the Notice. To be effective, the Request for Exclusion must be sent via first-class U.S. mail and post-marked no later than 150 days after the date of this Preliminary Approval Order to the specified address and shall state: (i) state the Class Member's full name and current address, (ii) provide the model year and Vehicle Identification Number ("VIN") of their Class Vehicle(s) and the approximate date(s) of purchase or lease, and (iii) specifically and clearly state their desire to be excluded from the Settlement and from the Settlement Class.

14

28. All Requests for Exclusion shall be in writing and shall be personally signed by the member of the Settlement Class who is opting out. No other person or entity may opt out for a Settlement Class Member or sign a request for exclusion. Opt Outs may be done on an individual basis only; so-called "mass" or "class" opt outs shall not be allowed.

Any Class Member who submits a timely Request for Exclusion may not file an objection to the Settlement and shall be deemed to have waived any rights or benefits under the Settlement Agreement. The Settlement Administrator shall report the names of all Class Members who have submitted a Request for Exclusion to the Parties on a weekly basis, beginning thirty (30) days after the Notice Date. The Settlement Administrator shall also report a final tabulation of the names and addresses of such entities and natural persons to the Court and to Proposed Co-Lead Class Counsel along with an affidavit attesting to the completeness and accuracy therefore no less than ten (10) days before the Fairness Hearing.

Any member of the Settlement Class failing to properly and timely mail such a written Request for Exclusion shall be automatically included in the Settlement Class and shall be bound by all of the terms and provisions of the Settlement Agreement and by all proceedings, orders and judgments in this Action, including but not limited to the release, and the Final Order and Judgment. Settlement Class Members are preliminarily enjoined from: (i) filing, commencing, intervening in or

participating as a plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to this Action or the Released Claims; (ii) filing, commencing or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any Settlement Class Members who have not timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, related to or arising out of the claims and causes of action of the facts and circumstances giving rise to this Action or the Released Claims; and (iii) attempting to affect Opt Outs of individuals or a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to this Action or the Released Claims.

29. Upon Final Approval of the Settlement, all Settlement Class Members who do not timely and properly opt out of the Settlement shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully and completely released, acquitted and discharged the Released Parties from all Released Claims as set forth in the Settlement Agreement, and the Action will be deemed dismissed with prejudice.

30. In the event that the Settlement Agreement is not finally approved, this Preliminary Approval Order shall be rendered null and shall be vacated, and all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement. If the Settlement Agreement is not finally approved, the Defendant and any other Releasees shall have retained any and all of their current defenses and arguments thereto (including but not limited to arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are not satisfied for purposes of continued litigation). This Action shall thereupon revert immediately to their respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed.

31. The Court shall retain continuing jurisdiction over the Action, the Parties and the Settlement Class, and the administration, enforcement, and interpretation of the Settlement. Any unresolved disputes or controversies arising with respect to the Settlement shall be presented by motion to the Court, provided however, that nothing in this paragraph shall restrict the ability of the Parties to exercise their rights as described above.

32. Pending final determination of the Settlement Agreement, all proceedings in this Litigation other than settlement approval proceedings shall be stayed.

33. For ease of reference, the following schedule sets forth the deadlines related to the Notice required by this Order, Proposed Co-Lead Class Counsel's application for costs, fees, and incentive awards, Class Members' rights to object to or opt out of the Settlement, and the Fairness Hearing in which the Court will determine whether the Settlement should be granted Final Approval:

| **Event** | **Date** |
| --- | --- |
| Class Notice Program Begins | May 16, 2025 |
| Class Notice Program Completed | June 15, 2025 |
| Deadline for Motion for Attorneys' Fees, Costs, and Incentive Awards | June 15, 2025 |
| Objection Deadline | July 15, 2025 |
| Opt-Out Deadline | August 14, 2025 |
| Deadline for Report from Settlement Administrator re: Notice Program and Motion for Final Approval | August 14, 2025 |
| Deadline for Motion for Final Approval of Settlement | August 14, 2025 |
| Fairness Hearing | September 16, 2025 at 10:00 a.m. |

**IT IS SO ORDERED.**

Dated: March 17, 2025

By: s/Shalina D. Kumar
Hon. Shalina D. Kumar
United States District Judge