## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| LISA WHITE, *et al.*,<br>on behalf of themselves and all<br>others similarly situated,<br><br>Plaintiff,<br>v.<br><br>FCA US LLC,<br><br>Defendant. | ) Case No.: 4:21-cv-11696-SDK-DRG<br>)<br>)<br>) District Judge Shalina D. Kumar<br>)<br>) Magistrate Judge David R. Grand<br>)<br>)<br>)<br>) |

## PLAINTIFF KELLY MAYOR'S UNOPPOSED MOTION FOR ATTORNEYS' FEES, EXPENSES, AND A SERVICE AWARD

Proposed Co-Lead Class Counsel, The Miller Law Firm, P.C.; Beasley, Allen, Crow, Methvin, Portis & Miles P.C.; Dicello Levitt LLP; and McCune Law Group, APC (collectively "Proposed Co-Lead Class Counsel"), respectfully move the Court for an Order:

1.     Awarding Proposed Co-Lead Class Counsel $1,750,000.00 in attorneys' fees, costs, and expenses; and

2.     A Service Award of $3,000.00 to Plaintiff Mayor.

In support of this Motion, Plaintiffs have contemporaneously filed a Brief in Support, with exhibits and declarations thereto.

In accordance with L.R. 7.1(a), Plaintiffs' counsel sought the concurrence of Defendant's counsel in the relief sought by this Motion on June 12, 2025. Defendant

does not oppose the relief being requested herein.

For the reasons set forth in the Brief in Support, Plaintiff respectfully requests

that the Court grant this Unopposed Motion.

Dated: June 13, 2025          By:     /s/ *Dennis A. Lienhardt*
                                      E. Powell Miller (P39487)
                                      Dennis A. Lienhardt (P81118)
                                      **THE MILLER LAW FIRM PC**
                                      950 West University Drive, Suite 300
                                      Rochester, Michigan 48307
                                      Telephone: 248-841-2200
                                      epm@millerlawpc.com
                                      dal@millerlawpc.com

                                      W. Daniel "Dee" Miles III
                                      H. Clay Barnett III
                                      J. Mitch Williams
                                      Dylan T. Martin
                                      **BEASLEY, ALLEN, CROW,**
                                      **METHVIN, PORTIS & MILES, P.C.**
                                      272 Commerce Street
                                      Montgomery, Alabama 36104
                                      Telephone: 334-269-2343
                                      dee.miles@beasleyallen.com
                                      clay.barnett@beasleyallen.com
                                      mitch.williams@beasleyallen.com
                                      dylan.martin@beasleyallen.com

                                      Adam J. Levitt
                                      John E. Tangren
                                      Daniel R. Ferri
                                      **DICELLO LEVITT LLP**
                                      Ten North Dearborn Street, Sixth Floor
                                      Chicago, Illinois 60602
                                      Telephone: 312-214-7900
                                      alevitt@dicellolevitt.com
                                      jtangren@dicellolevitt.com

dferri@dicellolevitt.com
bstubbs@dicellolevitt.com

Richard D. McCune
David C. Wright
Steven A. Haskins
**MCCUNE LAW GROUP, MCCUNE
WRIGHT AREVALO VERCOSKI
KUSEL WECK APC**
3281 East Guasti Road, Suite 100
Ontario, California 91761
Telephone: 909-345-8110
rdm@mccunewright.com
dcw@mccunewright.com
sah@mccunewright.com

*Counsel for Plaintiff and Proposed Co-Lead
Counsel for the Putative Class*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

LISA WHITE, *et al.*,          )
on behalf of themselves and all   )   Case No.: 4:21-cv-11696-SDK-DRG
others similarly situated,      )
                           )   District Judge Shalina D. Kumar
        Plaintiff,      )
     v.                )   Magistrate Judge David R. Grand
                           )
FCA US LLC,           )
                           )
        Defendant.    )

## PLAINTIFF KELLY MAYOR'S BRIEF IN SUPPORT OF HER UNOPPOSED MOTION FOR ATTORNEYS' FEES, <u>EXPENSES, AND A SERVICE AWARD</u>

iv

## TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................................1

II.   THE FEE AND COST REQUEST AWARD IS REASONABLE AND
      SHOULD BE APPROVED ......................................................................3

     A.    The Value of the Benefit Rendered to the Settlement Class Supports
         the Fee and Cost Request ......................................................................4

     B.    The Value of Proposed Co-Lead Class Counsel's Services Supports
         the Fee and Cost Request on Both an Hourly Basis and a Lodestar
         Cross-Check ..........................................................................................6

     C.    The Contingent Nature of Proposed Co-Lead Class Counsel's
         Representation Supports the Fee Request ..............................................9

     D.    Society's Stake in Rewarding Attorneys Who Litigate Contingent
         Class Action Matters Supports the Fee and Cost Request ..................10

     E.    The Complexity of the Litigation Supports the Fee and Cost Request
         ............................................................................................................11

     F.    The Professional Skill and Standing of Counsel Involved on Both
         Sides Supports the Fee Request. ........................................................12

III.  PROPOSED CO-LEAD CLASS COUNSEL'S LITIGATION EXPENSES
      ARE REASONABLE AND SHOULD BE APPROVED ...........................14

IV.  PLAINTIFF MAYOR SHOULD BE AWARDED A SERVICE AWARD 15

V.   CONCLUSION.........................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arp v. Hohla & Wyss Enters., LLC*,
2020 WL 6498956 (S.D. Ohio Nov. 5, 2020)......................................................15

*Asghari v. Volkswagen Grp. Of Am., Inc.*,
2015 WL 12732462 (C.D. Cal. May 29, 2015) ....................................................7

*Bailey v. AK Steel Corp.*,
2008 WL 553764 (S.D. Ohio Feb. 28, 2008)........................................................8

*Barnes v. City of Cincinnati*,
401 F.3d 729 (6th Cir. 2005)..................................................................................7

*Cason Merenda v. VHS of Michigan, Inc.*,
2016 WL 944901 (E.D. Mich. Jan. 29, 2016) .......................................................8

*Chapman v. General Motors LLC*,
No. 19-cv-12333 (ECF No. 253) (E.D. Mich. May 6, 2025) ...............................6

*Daoust v. Maru Restaurant*,
2019 WL 2866490 (E.D. Mich. July 3, 2019) .......................................... 6, 11, 15

*Deposit Guar. Nat'l Bank v. Roper*,
445 U.S. 326 (1980) ..............................................................................................11

*Does 1-2 v. Deja Vu Servs., Inc.*,
925 F.3d 886 (6th Cir. 2019)..................................................................................4

*Friske v. Bonnier Corp.*,
2019 WL 5265324 (E.D. Mich. Oct. 17, 2019) .....................................................6

*Granada Invs., Inc. v. DWG Corp.*,
962 F.2d 1203 (6th Cir. 1992) ...............................................................................4

*Granillo v. FCA US LLC*,
2019 WL 4052432 (D.N.J. Aug. 27, 2019) ...........................................................7

*In re Adelphia Commc'ns Corp. Sec. & Derivative Litig.*,
2006 WL 3378705 (S.D.N.Y. Nov. 16, 2006)......................................................13

*In re Cardinal Health Inc. Sec. Litig.*,
528 F. Supp. 2d 752 (S.D. Ohio 2007) ...............................................................4, 8

*In re Cardizem CD Antitrust Litig.*,
218 F.R.D. 508 (E.D. Mich. 2003) ............................................................... 10, 12

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001)..................................................................................12

*In re Delphi Corp. Sec., Derivative & "ERISA" Litig.*,
248 F.R.D. 482 (E.D. Mich. 2008) ................................................... 9, 10, 11, 13

*In re DPL Inc., Sec. Litig.*,
    307 F. Supp. 2d 947 (S.D. Ohio 2004) .................................................4
*In re F&M Distribs., Inc. Sec. Litig.*,
    1999 U.S. Dist. LEXIS 11090 (E.D. Mich. June 29, 1999) ................................9
*In re Se. Milk Antitrust Litig.*,
    2013 WL 2155387 (E.D. Tenn. May 17, 2013).................................14
*In re Telectronics Pacing Sys., Inc.*,
    137 F. Supp. 2d 1029 (S.D. Ohio 2001) ...........................................11
*Kain v. The Economist Newspaper NA, Inc.*,
    2023 WL 2541318 (E.D. Mich. Mar. 16, 2023) ...............................6
*Kogan v. AIMCO Fox Chase, L.P.*,
    193 F.R.D. 496 (E.D. Mich. 2000) ....................................................8
*Moeller v. Wk. Publications, Inc.*,
    2023 WL 6628014 (E.D. Mich. Oct. 11, 2023) ...............................6
*New England Health Care Emps. Pension Fund v. Fruit of the Loom, Inc.*,
    234 F.R.D. 627 (W.D. Ky. 2006)....................................................14
*Pratt v. KSE Sportsman Media, Inc.*,
    2024 WL 113755 (E.D. Mich. Jan. 10, 2024) ................................6
*Ramey v. Cincinnati Enquirer, Inc.*,
    508 F.2d 1188 (6th Cir. 1974) .........................................................4
*Raymo v. FCA US LLC*,
    2025 WL 521834 (E.D. Mich. Feb. 18, 2025).................................6
*Schreiber v. Mayo Found. For Med. Educ. & Rsch.*,
    2024 WL 4706185 (W.D. Mich. May 29, 2024) ..............................6
*Stanley v. U.S. Steel Co.*,
    2009 WL 4646647 (E.D. Mich. Dec. 8, 2009) .................................9
*Underwood v. Carpenters Pension Trust Fund—Detroit and Vicinity*,
    2017 WL 655622 (E.D. Mich. Feb. 17, 2017)..................................8
*Wood v. FCA US LLC*,
    2022 WL 17361964 (E.D. Mich. Dec. 1, 2022) ...........................4, 8

**Rules**

Fed. R. Civ. P. 23(e).............................................................................1
Fed. R. Civ. P. 23(h) ............................................................................1

## STATEMENT OF ISSUES PRESENTED

1.      Whether the Court should approve Proposed Co-Lead Class Counsel's request for an award of attorneys' fees, costs, and expenses amounting to $1,750,000.00 for their efforts in securing the settlement benefits provided in this matter on behalf of the settlement class?

Plaintiff's Answer: Yes.

2.      Whether the Court should approve Proposed Co-Lead Class Counsel's request for a service award to Plaintiff Mayor related to Plaintiff's representation of the Settlement Class of $3,000.00?

Plaintiff's Answer: Yes.

## <u>TABLE OF MOST CONTROLLING AUTHORITY</u>

*Daoust v. Maru Restaurant*,
 2019 WL 2866490 (E.D. Mich. July 3, 2019)

*In re Cardizem CD Antitrust Litig.*,
 218 F.R.D. 508 (E.D. Mich. 2003)

*In re Delphi Corp. Sec., Derivative & "ERISA" Litig.*,
 248 F.R.D. 482 (E.D. Mich. 2008)

*Ramey v. Cincinnati Enquirer, Inc.*,
 508 F.2d 1188 (6th Cir. 1974)

*Raymo v. FCA US LLC*,
 2025 WL 521834 (E.D. Mich. Feb. 18, 2025)

*Wood v. FCA US LLC*,
 2022 WL 17361964 (E.D. Mich. Dec. 1, 2022)

Court-appointed Proposed Co-Lead Counsel, The Miller Law Firm, P.C.; Beasley, Allen, Crow, Methvin, Portis & Miles P.C.; Dicello Levitt LLP; and McCune Law Group, APC (together, "Proposed Co-Lead Class Counsel"), respectfully submit this Memorandum of Law in support of their Motion, pursuant to Rules 23(e) and 23(h) of the Federal Rules of Civil Procedure, for an award of attorneys' fees, costs, and expenses in the amount of $1,750,000 (the "Fee and Cost Request"), and (b) a service award of $3,000 to Plaintiff Mayor.[1]

## I.    INTRODUCTION

After nearly four years since filing suit, and two formal mediation sessions, Proposed Co-Lead Class Counsel have successfully negotiated a proposed settlement of this case with Defendant FCA US, LLC ("FCA") that will resolve all outstanding claims in this matter while bringing exceptional relief to the Settlement Class. The Proposed Settlement, if approved by the Court, will resolve this case in its entirety in exchange for meaningful benefits for a nationwide class of consumers who purchased or leased a Dodge Grand Caravan built between January 1, 2017 and December 31, 2017. In particular, pursuant to the Settlement Agreement and as discussed in greater detail below, Proposed Co-Lead Class Counsel were able to secure for the Settlement Class Members an extension of the Class Vehicles' existing

---

[1] The Settlement Agreement is attached as Exhibit 1 to Plaintiffs' Unopposed Motion for Preliminary Approval. ECF No. 69-2.

Powertrain Limited Warranty to 10 years/100,000 miles and reimbursement of any repairs incurred relating to a failed sliding door lock actuator. This Proposed Settlement provides meaningful benefits to the Settlement Class while avoiding the substantial risks and delays of continued litigation.

As detailed below and in the accompanying Joint Declaration of E. Powell Miller, Dee Miles, Adam Levitt, and David Wright (*see* Exhibit 1), Proposed Co-Lead Class Counsel vigorously pursued this litigation from its outset and were fully prepared to continue down the path towards trial. Among their efforts, Proposed Co-Lead Class Counsel: (i) conducted a thorough legal and factual investigation into the Settlement Class's claims; (ii) researched and drafted a detailed complaint; (iii) engaged in significant fact discovery, including the review and analysis of more than 15,500 pages of documents produced in this case; (iv) consulted extensively with experts to review this information and analyze the Defect; and (v) engaged in multiple and hard-fought settlement negotiations under the supervision of experienced mediators Tom McNeill of McNeill ADR and Gregory P. Lindstrom of Phillips ADR. Attesting to the extensive efforts taken by counsel, Proposed Co-Lead Class Counsel have devoted over 2,100 hours in total, with a resulting lodestar of $1,811,595.50, to the investigation, prosecution, and successful resolution of the

Action.[2] Proposed Co-Lead Class Counsel's fee request thus amounts to just 1.8% of the estimated value of the settlement relief to the Settlement Class and a 0.93 *negative* multiplier of their base lodestar (after subtracting expenses)—a multiplier that is eminently reasonable given the risks inherent to this litigation, Proposed Co-Lead Class Counsel's efforts, and the relief achieved for the Settlement Class Members. In addition, Proposed Co-Lead Class Counsel have expended $53,943.58 in expenses litigating this matter, including costs and expenses for retaining experts, mediation fees, and other expenditures necessary for the resolution of the case.

For the reasons discussed herein, the requested award of fees, costs, and expenses is fair and reasonable. The request for a $3,000 service award to Plaintiff Mayor for the time and effort that she dedicated to this litigation on behalf of the Settlement Class is likewise reasonable and appropriate.

## II.   THE FEE AND COST REQUEST AWARD IS REASONABLE AND SHOULD BE APPROVED

In reviewing the reasonableness of a fee request, the Sixth Circuit instructs district courts to consider the following six "*Ramey*" factors:

> 1) the value of the benefit rendered to the corporation or its stockholders, 2) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others, 3) whether the services were undertaken on a contingent fee basis, 4) the value of the services on an hourly basis [the lodestar

---

[2] Proposed Co-Lead Class Counsel will continue to devote resources to the Action through the completion of the settlement administration process.

cross-check], 5) the complexity of the litigation, and 6) the professional skill and standing of counsel involved on both sides.

*Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1194–97 (6th Cir. 1974). Each of the *Ramey* factors confirms that the Fee and Cost Request is fair and reasonable.

### A. The Value of the Benefit Rendered to the Settlement Class Supports the Fee and Cost Request

The benefit of the settlement for the class is "widely regard[ed]" "as the most important [factor]." *In re Cardinal Health Inc. Sec. Litig.*, 528 F. Supp. 2d 752, 764 (S.D. Ohio 2007); *see also In re DPL Inc., Sec. Litig.*, 307 F. Supp. 2d 947, 951 (S.D. Ohio 2004) ("Herein, the award of attorneys' fees must be driven by the results obtained by Plaintiffs' counsel."). In making this determination, the Sixth Circuit has expressly recognized that "nonpecuniary benefits" can confer "substantial benefit" to a settlement class. *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1206 (6th Cir. 1992) (affirming final approval of settlement where it provided for, among other things, "changes in corporate governance"); *Wood v. FCA US LLC*, 2022 WL 17361964, at *2 (E.D. Mich. Dec. 1, 2022) (awarding fees and expenses in the amount of $7.5 million because the extended warranty and reimbursement settlement benefits will "benefit" the Settlement Class Members "significantly"); *Does 1-2 v. Deja Vu Servs., Inc.*, 925 F.3d 886, 897 (6th Cir. 2019) ("When compared against the risks involved in litigating or arbitrating the Dancers' claims,

the value of the Settlement Agreement is significant. The injunctive relief mandates extensive changes to Déjà Vu's business practices . . .").

As part of the relief included in the Settlement Agreement, FCA has agreed to extend its warranty coverage as to the door lock actuator to 10 years/100,000 miles, whichever occurs first, to ensure that if the alleged defect does manifest, it will be repaired for free by FCA with no risk of out-of-pocket costs incurred by the Settlement Class. At the same time, FCA has agreed to reimburse any out-of-pocket costs related to the door lock actuator incurred by Settlement Class Members. The value of these benefits is significant. *See* Ex. 2, Declaration of Lee M. Bowron.

Proposed Co-Lead Class Counsel submit that the Proposed Settlement is an excellent result for the Settlement Class, particularly when considering the risk of obtaining a lesser benefit (or no benefit at all). At the time the Parties agreed to settle this case, Plaintiff was faced with the prospect of having to prevail on: (1) class certification; (2) an almost certain motion for summary judgment; (3) challenges to expert testimony; and (4) the difficulties of prevailing at trial. Even if Plaintiff prevailed at each of these stages, an appeal by FCA would have been likely. FCA has retained highly sophisticated defense counsel who would have vigorously contested Proposed Co-Lead Class Counsel's case, making a positive outcome anything but certain. Thus, the Settlement provides a meaningful benefit for Settlement Class Members, while avoiding the many complexities, delays, and risks

of further litigation. Any recovery for Plaintiff and the Settlement Class was likely many years away.

The value of the Settlement benefits clearly supports the fee request given that the Fee and Cost Request accounts for only 1.8% of the total benefits provided by the Settlement. *See* Ex. 2, Bowron Declaration. This award is more than reasonable and far, far less than what is awarded in class actions in this District and the Sixth Circuit. *See, e.g.*, *Raymo v. FCA US LLC*, 2025 WL 521834, at *8-9 (E.D. Mich. Feb. 18, 2025) (approving 35.42% fee and cost award); *Chapman v. General Motors LLC*, No. 19-cv-12333 (ECF No. 253) (E.D. Mich. May 6, 2025) (approving 30% award totaling $15,000,000); *Daoust v. Maru Restaurant*, 2019 WL 2866490 at *5 (E.D. Mich. July 3, 2019) (approving 33% fee award); *Schreiber v. Mayo Found. for Med. Educ. & Rsch.*, 2024 WL 4706185, at *3 (W.D. Mich. May 29, 2024) (approving 35% fee award in the amount of $18,375,000); *Pratt v. KSE Sportsman Media, Inc.*, 2024 WL 113755, at *1 (E.D. Mich. Jan. 10, 2024) (awarding 35% of common fund for attorneys' fees); *Kain v. Economist Newspaper NA, Inc.*, 2023 WL 2541318 (E.D. Mich. Mar. 16, 2023) (same); *Moeller v. Wk. Publications, Inc.*, 2023 WL 6628014 (E.D. Mich. Oct. 11, 2023) (same).

**B.    The Value of Proposed Co-Lead Class Counsel's Services Supports the Fee and Cost Request on Both an Hourly Basis and a Lodestar Cross-Check**

A lodestar cross check need not be employed by a court, *see Friske v. Bonnier*

*Corp.*, 2019 WL 5265324, at *1 (E.D. Mich. Oct. 17, 2019), but if utilized in this case, it supports the fairness and reasonableness of Proposed Co-Lead Counsel's Fee and Cost Request. Lodestar is determined by multiplying "the number of hours reasonably expended on the case by a reasonable hourly rate." *Barnes v. City of Cincinnati*, 401 F.3d 729, 745 (6th Cir. 2005). A lodestar cross-check can be appropriate here "[b]ecause the benefits, like those offered in other class action settlements against automobile manufacturers, are not derived from a common fund and, at this juncture, cannot be calculated precisely." *Granillo v. FCA US LLC*, 2019 WL 4052432, at *3 (D.N.J. Aug. 27, 2019); *Asghari v. Volkswagen Grp. Of Am., Inc.*, 2015 WL 12732462, at *41 (C.D. Cal. May 29, 2015) (collecting cases and explaining lodestar method may be appropriate in automobile cases where calculation of the common fund was uncertain).

Here, a lodestar cross-check fully supports Proposed Co-Lead Class Counsel's Fee and Cost Request. As detailed herein and in the Joint Declaration, Proposed Co-Lead Class Counsel expended substantial efforts advancing this litigation in the face of highly skilled defense counsel. In total, Proposed Co-Lead Class Counsel spent over 2,100 hours of attorney and other professional support time prosecuting this case for the benefit of the Settlement Class through May 31, 2025. Joint Declaration ¶ 21. Based on these hours, Proposed Co-Lead Class Counsel's lodestar is $1,811,595.50. *Id.* Accordingly, the $1,696,056.42 fee request (excluding

the $53,943.58 in reimbursable costs) represents a *negative* multiplier of just 0.93 of the total lodestar, an amount that is well below the range of multipliers commonly awarded in similar cases.

Fee awards in class actions with substantial contingency risks such as here often range from one to four times the lodestar or even higher. *See Cardinal Health*, 528 F. Supp. 2d at 767 (approving multiplier of approximately 5.9, and observing that "[m]ost courts agree that the typical lodestar multiplier" on a large class action "ranges from 1.3 to 4.5"); *Underwood v. Carpenters Pension Trust Fund—Detroit and Vicinity*, 2017 WL 655622, at *14 (E.D. Mich. Feb. 17, 2017) (holding that a complex class action settlement would "justify a multiplier of at least three, which is well within the normal range"); *Wood*, 2022 WL 17361964, at *2 (awarding multiplier of 2.28); *Bailey v. AK Steel Corp.*, 2008 WL 553764, at *2–3 (S.D. Ohio Feb. 28, 2008) (awarding multiplier of 3.04, noting that "[c]ourts typically . . . increas[e] the lodestar amount by a multiple of several times itself" and identifying a "normal range of between two and five"); *Kogan v. AIMCO Fox Chase, L.P.*, 193 F.R.D. 496, 503-04 (E.D. Mich. 2000) (awarding fees amounting to 2.49 multiplier); *Cason Merenda v. VHS of Michigan, Inc.*, 2016 WL 944901, at *2 (E.D. Mich. Jan. 29, 2016) (noting that a requested 0.80 multiplier of the lodestar was contrary to the common practice of awarding a positive multiplier "to reward [counsel] for the risk

of contingent fee litigation"). Accordingly, a 0.93 negative multiplier is further proof that Proposed Co-Lead Class Counsel's Fee and Cost Request is reasonable.

### C.   The Contingent Nature of Proposed Co-Lead Class Counsel's Representation Supports the Fee Request

"Whether counsel's services were undertaken on [a] contingent fee basis is another factor for the Court to consider in evaluating a fee request." *In re Delphi Corp. Sec., Derivative & "ERISA" Litig.*, 248 F.R.D. 482, 503–04 (E.D. Mich. 2008). Indeed, courts in this Circuit recognize that the attorneys' contingent risk "counsels in favor of a generous fee." *In re F&M Distribs., Inc. Sec. Litig.*, 1999 U.S. Dist. LEXIS 11090, at *18 (E.D. Mich. June 29, 1999) (noting importance that counsel "undertook this case on a contingent fee basis, which required them to fund all of the significant litigation costs while facing the risk of a rejection [of their] clients' claims"); *Stanley v. U.S. Steel Co.*, 2009 WL 4646647, at *3 (E.D. Mich. Dec. 8, 2009) ("A contingency fee arrangement often justifies an increase in the award of attorneys' fees").

Proposed Co-Lead Class Counsel have received no compensation during the nearly four years this Action has been ongoing. During this time, Proposed Co-Lead Class Counsel invested over 2,100 hours for a total lodestar of $1,811,595.50, and incurred out-of-pocket expenses of $53,943.58. Joint Declaration ¶¶ 21, 23. And additional further work in connection with the Settlement and claims administration will still be required until the Settlement is fully administered.

Moreover, any fee award to Proposed Co-Lead Class Counsel has always been at risk and completely contingent on the result achieved and on this Court's discretion in awarding fees and expenses. What is more, unlike defense counsel— who typically receive payment on a timely basis whether they win or lose—Proposed Co-Lead Class Counsel sustained the entire risk that they would have to fund the expenses of this case and that, unless Proposed Co-Lead Class Counsel succeeded, they would not be entitled to any compensation whatsoever. *See Delphi*, 248 F.R.D. at 503–04 (granting fee request where class counsel "prosecuted this action entirely on a contingent basis, knowing that it possibly could last for four or five years, require the expenditure of thousands of attorney hours and millions of dollars in expenses and ultimately result in a loss at summary judgment or at trial"). Indeed, given the nature of the allegations at issue, involving thousands of vehicles and a defect that is the result of complex design and engineering decisions that FCA has far more insight into and technical resources to defend, the risk that this case could have been dismissed or the claims significantly reduced in scope was far more real than in many other class actions involving statutory claims or basic consumer goods.

### D.   Society's Stake in Rewarding Attorneys Who Litigate Contingent Class Action Matters Supports the Fee and Cost Request

Courts also consider "society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others." *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 533 (E.D. Mich. 2003). Courts in this circuit

10

consistently recognize that "[a]ttorneys who take on class action matters serve a benefit to society and the judicial process by enabling such small claimants to pool their claims and resources." *In re Telectronics Pacing Sys., Inc.*, 137 F. Supp. 2d 1029, 1043 (S.D. Ohio 2001).

Here, Proposed Co-Lead Class Counsel litigated this case for nearly four years on a fully contingent basis. Rewarding Proposed Co-Lead Class Counsel for the risk incurred and the substantial benefit they achieved for the Settlement Class furthers the public policy of incentivizing suits that are simply not practicable to bring on an individual basis. This is especially the case here given the size of the class, the breadth of the claims at issue, and the scope of the relief being provided to over thousands of Settlement Class Members. As individuals, these thousands of Settlement Class Members lack the resources to take on a sophisticated litigant like FCA. Proposed Co-Lead Class Counsel was willing to make the investment required to combine the Class's claims and ensure that they would be properly shepherded through the judicial process. *Daoust*, 2019 WL 2866940, at *5 ("Where relatively small claims can only be prosecuted through aggregate litigation, 'private attorneys general' play an important role.") (citing *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 338-39 (1980)).

### E. The Complexity of the Litigation Supports the Fee and Cost Request

The complexity of the litigation is also a significant factor to be considered in

determining the reasonableness of an attorneys' fee award. *See Delphi*, 248 F.R.D.at

504. As the Court is aware, this case involved a number of complex and disputed

questions of law and fact that placed the ultimate outcome of the case in doubt.

Indeed, Plaintiff faced significant risks of prevailing on: (1) class certification; (2)

an almost certain motion for summary judgment; (3) challenges to expert testimony;

and (4) the difficulties of prevailing at trial.

Further, even if Plaintiff prevailed at all pre-trial stages of the proceedings,

Plaintiff would have still faced significant hurdles in proving liability at trial. Not to

mention that FCA would have generally challenged Plaintiff's damages theory,

which relied on proving diminished value and the cost of repair—values that

ultimately hinge upon "a 'battle of experts' . . . with no guarantee whom the jury

would believe." *In re Cendant Corp. Litig.*, 264 F.3d 201, 239 (3d Cir. 2001).

In short, with thousands of vehicles at issue, there is little question that this

litigation is extremely complex and involves numerous issues of fact and law to be

resolved.

### F.     The Professional Skill and Standing of Counsel Involved on Both Sides Supports the Fee Request.

Finally, courts in the Sixth Circuit evaluate the professional skill and standing

of counsel in determining the reasonableness of a fee request. *See Cardizem*, 218

F.R.D. at 533. Here, the skill and standing of counsel for all parties was of the highest

caliber. Proposed Co-Lead Class Counsel's respective firms have national standing

and extensive experience in litigating complex class actions. *See* ECF Nos. 69-3 -
69-6. Proposed Co-Lead Class Counsel prosecuted the case vigorously, provided
high quality legal services, and achieved a great result for the Settlement Class. This
is especially evidenced by the fact that FCA foresaw sufficient risk in proceeding
forward with its arguments that it forewent the various pre-trial opportunities it
otherwise had to challenge Plaintiff's claims and instead saw class-wide resolution
as the safest route of proceeding in defending the action. *See F&M*, 1999 U.S. Dist.
LEXIS 11090, at *19 ("The skill and competence of the attorneys for the Plaintiffs
was evident, especially when viewed on the basis of the results that they obtained in
this case[.]").

The quality of opposing counsel is also important in evaluating the services
rendered by Class Counsel. *See Delphi*, 248 F.R.D.at 504. FCA was represented by
very skilled attorneys from Klein, Thomas, Lee & Fresard, which has a well-
deserved reputation for exceptional advocacy in the defense of complex civil cases
such as this matter. *See In re Adelphia Commc'ns Corp. Sec. & Derivative Litig.*,
2006 WL 3378705, at *3 (S.D.N.Y. Nov. 16, 2006) ("The fact that the settlements
were obtained from defendants represented by 'formidable opposing counsel from
some of the best defense firms in the country' also evidences the high quality of lead
counsels' work"). In the face of this formidable opposition, Proposed Co-Lead Class

Counsel were able to persuade FCA to settle this case on terms that were favorable to the Settlement Class.

### III.   PROPOSED CO-LEAD CLASS COUNSEL'S LITIGATION EXPENSES ARE REASONABLE AND SHOULD BE APPROVED

Proposed Co-Lead Class Counsel incurred a total of $53,943.58 in costs and expenses litigating this matter. Joint Declaration ¶ 23. As is routine in cases such as this one, "class counsel is entitled to reimbursement of all reasonable out-of-pocket litigation expenses and costs in the prosecution of claims and settlement, including expenses incurred in connection with document production, consulting with experts and consultants, travel and other litigation-related expenses." *New England Health Care Emps. Pension Fund v. Fruit of the Loom, Inc.*, 234 F.R.D. 627, 634-35 (W.D. Ky. 2006); *see also In re Se. Milk Antitrust Litig.*, 2013 WL 2155387, at *7 (E.D. Tenn. May 17, 2013) (noting "[e]xpense awards are customary"). Here, Proposed Co-Lead Class Counsel's expenses were necessary for the prosecution of the litigation and primarily consisted of the cost of Plaintiff's independent experts who conducted a detailed analysis of the Defect as well as mediation fees to retain the experienced mediators who oversaw the Parties' settlement efforts. Joint Declaration ¶ 23. Critically, Proposed Co-Lead Class Counsel are not asking for reimbursement of their costs and expenses separate and apart from their attorney's fees. Rather, Proposed Co-Lead Class Counsel is seeking a total award of $1,750,000.00 *including* their costs and expenses. Given that, as argued above, the Fee and Cost

14

Request is reasonable in light of the benefits achieved for the Settlement Class Members, it is only more so reasonable since a portion of that award is going to reimburse Proposed Co-Lead Class Counsel's costs and expenses.

## IV. PLAINTIFF MAYOR SHOULD BE AWARDED A SERVICE AWARD

As this District has recognized, "service awards are common in class action cases and are important to compensate plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by plaintiffs." *Daoust*, 2019 WL 2866490, at *6.

Here, Proposed Co-Lead Class Counsel seek a service award for Plaintiff Mayor of $3,000, which would be a separate payment by FCA than the other Settlement benefits to the Settlement Class. Numerous courts have approved similar awards to reimburse named plaintiffs and proposed class representatives for their time and effort on behalf of a class. *See, e.g., Daoust*, 2019 WL 2866490, at *6 (awarding service award of $5,000); *Arp v. Hohla & Wyss Enters., LLC*, 2020 WL 6498956, at *8 (S.D. Ohio Nov. 5, 2020) (approving $10,000 service award because "[i]t is important to compensate the work and additional risk that a class representative takes on").

Plaintiff Mayor has dedicated her personal time to the prosecution of this case on behalf of the Settlement Class. In particular, Plaintiff reviewed significant

pleadings and briefs; communicated regularly with Proposed Co-Lead Class Counsel regarding the issues in the case, significant case developments, and litigation strategy; searched for and gathered documents in support of her claims and anticipated defenses by FCA; and participated in reviewing and approving the Settlement, as well as Proposed Co-Lead Class Counsel's fee and expense requests. Given the size of the Settlement Class that Plaintiff's efforts to achieve this Settlement, the modest service award sought here is reasonable and justified.

## V.   CONCLUSION

Proposed Co-Lead Class Counsel respectfully request that the Court award attorneys' fees, costs, and expenses in the amount of $1,750,000, as well as the proposed service award to Plaintiff Mayor in the amount of $3,000.

Dated: June 13, 2025          By:      /s/ *Dennis A. Lienhardt*
                                       E. Powell Miller (P39487)
                                       Dennis A. Lienhardt (P81118)
                                       **THE MILLER LAW FIRM PC**
                                       950 West University Drive, Suite 300
                                       Rochester, Michigan 48307
                                       Telephone: 248-841-2200
                                       epm@millerlawpc.com
                                       dal@millerlawpc.com

                                       W. Daniel "Dee" Miles III
                                       H. Clay Barnett III
                                       J. Mitch Williams
                                       Dylan T. Martin
                                       **BEASLEY, ALLEN, CROW,**
                                       **METHVIN, PORTIS & MILES, P.C.**
                                       272 Commerce Street
                                       Montgomery, Alabama 36104

16

Telephone: 334-269-2343
dee.miles@beasleyallen.com
clay.barnett@beasleyallen.com
mitch.williams@beasleyallen.com
dylan.martin@beasleyallen.com

Adam J. Levitt
John E. Tangren
Daniel R. Ferri
**DICELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Telephone: 312-214-7900
alevitt@dicellolevitt.com
jtangren@dicellolevitt.com
dferri@dicellolevitt.com

Richard D. McCune
David C. Wright
Steven A. Haskins
**MCCUNE LAW GROUP, MCCUNE
WRIGHT AREVALO VERCOSKI
KUSEL WECK APC**
3281 East Guasti Road, Suite 100
Ontario, California 91761
Telephone: 909-345-8110
rdm@mccunewright.com
dcw@mccunewright.com
sah@mccunewright.com

*Counsel for Plaintiff and Proposed Co-Lead
Counsel for the Putative Class*

17

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on June 13, 2025, I electronically submitted the foregoing

to the Court via the ECF, which automatically served all counsel of record.


<u>/s/ Dennis A. Lienhardt</u>
Dennis A. Lienhardt