# Exhibit 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| LISA WHITE, *et al.*, on behalf of themselves and all others similarly situated, <br><br> Plaintiff, <br> v. <br><br> FCA US LLC, <br><br> Defendant. | Case No.: 4:21-cv-11696-SDK-DRG <br><br> District Judge Shalina D. Kumar <br><br> Magistrate Judge David R. Grand |

**JOINT DECLARATION OF E. POWELL MILLER, W. DANIEL "DEE" MILES III, ADAM J. LEVITT, AND DAVID C. WRIGHT IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, EXPENSES, AND A SERVICE AWARD**

We, E. POWELL MILLER, DEE MILES, ADAM J. LEVITT, and DAVID C. WRIGHT, declare as follows, pursuant to 28 U.S.C. § 1746.

1. We, E. Powell Miller, Dee Miles, Adam J. Levitt, and David C. Wright are senior partners of The Miller Law Firm, P.C. ("Miller Law"), Beasley Allen Crown Methvin, Portis & Miles, P.C. ("Beasley Allen"), Dicello Levitt LLP ("Dicello Levitt"), and McCune Law Group APC ("McCune Law"), respectively, which together serve as the Court-appointed Proposed Co-Lead Class Counsel in this litigation.

2. Proposed Co-Lead Class Counsel respectfully submit this Declaration

on behalf of Plaintiff in support of Plaintiff's Motion for Attorneys' Fees, Expenses, and a Service Award ("Motion"). Proposed Co-Lead Class Counsel have personal knowledge of the facts stated herein.

3. Proposed Co-Lead Class Counsel are experienced and skilled firms that have a successful track record in complex class actions in this District and throughout the country. The firm resumes and attorney profiles of Proposed Class Counsel are found at ECF Nos. 69-3 – 69-6.

4. The Parties' proposed Settlement resolves Plaintiff's claims that thousands of Dodge Grand Caravan vehicles, built between January 1, 2017 and December 31, 2017 (the "Class Vehicles"), were manufactured, marketed, sold, and leased nationwide with a door lock actuator defect that can fail (the "Defect").

5. From the outset of this litigation, Proposed Co-Lead Class Counsel anticipated spending thousands of hours litigating the complex claims in this matter against one of the largest automotive manufacturers in the world with no guarantee of success. We understood that prosecution of this litigation would require foregoing other legal work. We understood that there was substantial uncertainty surrounding the applicable legal and factual issues. And we understood that there would be significant opposition from a defendant with substantial resources and asserted legal defenses.

6. This action was originally filed on July 21, 2021 (ECF No. 1) and the

First Amended Complaint (ECF No. 10) ("FAC") was filed on August 19, 2021. During a stay of proceedings, the Parties participated in a formal mediation on January 18, 2022. That mediation was unsuccessful, and the Parties resumed litigation.

7. On March 30, 2022, Defendant filed its Motion to Dismiss Plaintiff's FAC. ECF No. 26. On May 31, 2022, Plaintiffs filed their Response to Defendant's Motion to Dismiss. ECF No. 33. On June 30, 2022, Defendant filed its Reply in support of its Motion to Dismiss. ECF No. 35.

8. On March 31, 2023, the Court issued its 42-page Order Granting in Part and Denying Part Defendant's Motion to Dismiss. ECF No. 45. While the Court dismissed (1) all Plaintiffs' express warranty claims and any MMWA claims premised upon them; (2) the implied warranty claims of Plaintiff Mayor, Dobransky, Zadrozny, and Eisenhart and any MMWA claims premised upon them; and (3) Plaintiff Mayor's Florida Deceptive and Unfair Trade Practices Act claim, multiple claims survived for each Plaintiff and each of the five states pled in the FAC.

9. On June 13, 2024, the Court entered a scheduling order setting forth deadlines for the close of discovery, challenges to experts, and a briefing schedule on Plaintiffs' Motion for Class Certification. ECF No. 51. Since that time, the Parties have diligently litigated this case, including negotiations of an ESI protocol, protective order, search terms, and the Parties also decided to revisit settlement

3

discussions.

10. On February 20, 2024, under the auspices of Mr. Tom McNeill, the Parties engaged in arms' length negotiations regarding settlement terms, including those relating to the scope of relief and complex allocation issues. The mediation was unsuccessful, but the Parties continued to meaningfully negotiate a potential settlement while litigating the ongoing discovery disputes. These extensive negotiations benefited from the production by Defendant of documents and information concerning the alleged Defect, the affected vehicle populations, and the various service remedies, as well as Plaintiffs' consultation with experts to provide independent analyses of the Plaintiffs' claims, the alleged Defect, the efficacy of the service remedies, and the allocation among Settlement Class Members of this proposed Settlement.

11. In the Spring of 2024, after months of litigation and additional settlement negotiations, the Parties reached a settlement-in-principle to fully resolve the Action, subject to the execution of the Settlement Agreement. On August 29, 2024, the Parties informed the Court of the settlement-in-principle and requested that the Court stay all current deadlines and set a date for Plaintiffs to file their motion for Preliminary Approval of Class Action Settlement. ECF No. 67.

12. Plaintiff has achieved a settlement that will provide significant relief to the Settlement Class, including a 10 year/100,000 mile warranty of the door lock

actuator to ensure coverage of future out-of-pocket costs, and the reimbursement of prior out-of-pocket costs by FCA. These benefits the Settlement Class Members will receive as a result of this Settlement are eminently fair, reasonable, and adequate, especially when compared to the results in similar cases and in light of the significant risks posed by continued litigation.

13. Based upon the investigation and evaluation of the facts and law relating to all of the matters alleged in the pleadings, the Parties agreed to settle the action under the terms of the Settlement Agreement after considering, among other things: (i) the substantial and immediate benefits available to Plaintiff and the Settlement Class; (ii) the risks posed by the alleged Defect; (iii) the attendant risks and uncertainty of litigation, especially in complex actions such as this; (iv) the difficulties and delays inherent in such litigation; and (v) the desirability of consummating a settlement promptly to provide effective relief to Plaintiff and the Settlement Class.

14. While Plaintiff and her counsel strongly believe in the merits of her claims and the case, Plaintiff would have faced numerous risks and significant expense if the litigation had continued, including extensive and costly fact and expert discovery, class certification (and a potential Rule 23(f) appeal), and summary judgment briefing, and then, if Plaintiff survived these stages, a jury trial, and potentially a subsequent appeal of a favorable verdict.

15. The Settlement avoids the risk and potentially years of delay that continued litigation would have posed and simultaneously provides benefits for Plaintiff and the Settlement Class that are immediate, certain, and substantial.

16. After the Parties agreed to the terms of the Settlement, Proposed Co-Lead Class Counsel and Defendant engaged in negotiations, with the aid of the mediator, concerning Proposed Co-Lead Class Counsel's application for attorneys' fees and expenses. The Parties agreed that Proposed Co-Lead Class Counsel could request an attorney fee and expense award of up to $1,7500,000, as well as a $3,000 service award to Plaintiff.

17. Proposed Co-Lead Class Counsel have devoted over 2,100 hours in total, with a resulting lodestar of $1,811,595.50 to the investigation, prosecution, and resolution of the Action. In addition, Proposed Co-Lead Class Counsel have expended $53,943.58 in costs and expenses in litigating this matter, including costs and expenses for retaining experts, mediation fees, and other expenditures necessary for the resolution of the case.

18. Proposed Co-Lead Class Counsel's Fee and Cost Request is fully justified given the facts of this case. Proposed Co-Lead Class Counsel have devoted substantial time and advanced the funds necessary to prosecute this case with no assurance of compensation or repayment. To date, none of our firms have been paid for our efforts. Instead, our compensation has been entirely contingent upon

obtaining a recovery on behalf of the Settlement Class.

19.     During the course of this Action, Proposed Co-Lead Class Counsel have: (i) conducted a thorough investigation into the Class's claims; (ii) drafted the detailed 124-page complaint; (iii) briefed and argued Defendant's motions to dismiss and to compel arbitration where Defendant unsuccessfully sought to obtain an early victory at the pleading stage; (iv) coordinated with all Plaintiffs' counsel firms to consolidate and efficiently litigate this case; (v) engaged in formal and informal discovery, including the review of thousands of documents and the negotiation of an ESI protocol, protective order, and search terms, including contested motion practice; (vi) consulted and paid independent experts to investigate the alleged Defect and Defendant's proposed remedies to the Defect; (vii) engaged in arm's-length negotiations with Defendant, including multiple mediations under the supervision of experienced mediators; (viii) retained and communicated with the Settlement Administrator regarding providing adequate Notice to Class Members; and (ix) prepared and argued the preliminary approval motion in support of the Settlement.

20.     Moreover, Proposed Co-Lead Class Counsel will continue to perform legal work on behalf of the Settlement Class, through the Fairness Hearing and beyond, including: (i) preparing and arguing the motion for final approval; (ii) communicating with Settlement Class Members who have questions about the claim

7

or approval process; (iii) communicating with the Settlement Administrator on Notice to the Settlement Class; and (iv) any additional litigation proceedings until a Final Judgment is entered.

21. To date, Proposed Co-Lead Class Counsel's efforts have required a substantial investment of time. As summarized in the table below, Proposed Co-Lead Class Counsel devoted over 2,100 hours to the prosecution and resolution of the Action, resulting in a lodestar of $1,811,595.50. The total lodestar for each firm is:

| Firm | Total Hours | Lodestar |
|---|---|---|
| Miller Law | 590.6 | $416,300 |
| Beasley Allen | 825.7 | $723,700 |
| Dicello Levitt | 394.7 | $439,158 |
| McCune Law Group | 353.7 | $232,437.50 |
| | | |
| TOTAL | 2,164.7 | $1,811,595.50 |

22. Additionally, based on Proposed Co-Lead Class Counsel's experience in other consumer class action settlements, Proposed Co-Lead Class Counsel anticipates that they will expend at least an additional 200 hours to complete the settlement approval and administration process.

23. The Fee and Cost Request also includes the reimbursement of the expenses that were reasonably incurred in this case, in the amount of $53,943.58. Reimbursement of such expenses was fully contingent on a successful outcome. The

majority of the expenses were for Plaintiffs' independent experts who conducted extensive analysis into the Defect and Defendant's proposed remedies as well as the third-party mediators who supervised the months-long mediation process. The remaining expenses consist of categories such as filing fees, legal research, and copying charges. The total amount of expenses incurred by each firm is:

| Firm | Expenses |
|---|---|
| Miller Law | $7,930.23 |
| Beasley Allen | $31,362.12 |
| Dicello Levitt | $2,151.23 |
| McCune Law Group | $12,500 |
| | |
| **TOTAL** | $53,943.58 |

24. Proposed Co-Lead Class Counsel also seek a Service Award of $3,000 for Plaintiff Mayor for her work in representing the Class in this case. Plaintiff Mayor has been committed to pursuing the Class's claims since she first filed suit in August 2021. Specifically, Plaintiff Mayor: (i) investigated and retained experienced counsel to prosecute this case, (ii) collected and provided relevant documentation relating to her Class Vehicle, (iii) reviewed important pleadings filed by the Parties, (iv) communicated with counsel over the course of four years regarding updates in the litigation and mediation efforts, and (v) reviewed the proposed Settlement to ensure its fairness to the Settlement Class. As detailed in the Motion, a $3,000

Service Award to Plaintiff Mayor is eminently reasonable and lower than other similar cases.

25. Based on the additional explanation and legal authorities set forth in the Motion, Proposed Co-Lead Class Counsel respectfully submit that Proposed Co-Lead Class Counsel's Motion be granted.

We declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on: June 13, 2025                /s/ E. Powell Miller
                                          E. Powell Miller

Executed on: June 13, 2025                /s/ Dee Miles
                                          W. Daniel "Dee" Miles III

Executed on: June 13, 2025                /s/ Adam J. Levitt
                                          Adam J. Levitt

Executed on: June 13, 2025                /s/ David C. Wright
                                          David C. Wright