## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| LISA WHITE *et al.*, on behalf of themselves and all others similarly situated, | ) ) ) Case No.: 4:21-cv-11696-SDK-DRG ) ) District Judge Shalina D. Kumar |
| Plaintiffs, | ) |
| v. | ) Magistrate Judge David R. Grand ) |
| FCA US LLC, | ) ) |
| Defendant. | ) ) |

## ORDER GRANTING PLAINTIFF
## KELLY MAYOR'S UNOPPOSED MOTION FOR FINAL
## APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiff Kelly Mayor ("Plaintiff" or "Class Representative"), on behalf of herself and the Settlement Class, and Defendant FCA US LLC ("FCA" or "Defendant"), by and through their undersigned attorneys, hereby submit this proposed Stipulated Order for Preliminary Approval of Class Action Settlement:

WHEREAS, Plaintiffs filed this class action alleging that certain Chrysler and Dodge vehicles were equipped with rear power sliding doors with defective lock actuators and/or door latches;

WHEREAS, on October 3, 2024, Plaintiff executed a Settlement Agreement with FCA on behalf of herself and the Settlement Class;

WHEREAS, the Court provisionally certified a Settlement Class and gave its preliminary approval of the Settlement on March 17, 2025 (the "Preliminary

Approval Order"), and directed the Parties to provide notice to the Class of the proposed Settlement and the Final Approval Hearing by regular mail and via the internet;

WHEREAS, the Court-appointed Settlement Administrator effectuated notice to the Settlement Class in accordance with the Preliminary Approval Order and also pursuant to the notice requirements set forth in 28 U.S.C. § 1715;

WHEREAS, the Court having reviewed and considered the Motion for Final Approval and supporting materials filed by Settlement Class Counsel;

WHEREAS, the Court held a hearing on the Motion for Final Approval on September 16, 2025; and

WHEREAS, this Court has fully considered the record and requirements of law; and good cause appearing;

IT IS THIS 16th day of September, 2025 ORDERED that the Settlement is hereby FINALLY APPROVED. The Court further finds and orders as follows:

1. The Court has subject matter jurisdiction under 28 U.S.C. § 1332(d), and venue is proper in this District.

2. The Court has personal jurisdiction over the Plaintiff, the other Settlement Class Members, and Defendant.

3. To the extent not otherwise defined herein, all defined terms in this Order shall have the meaning assigned in the Settlement Agreement.

4. The Court confirms its previous preliminary findings in the Preliminary Approval Order.

5. For purposes of Settlement, the Litigation satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and 23(b)(3). The Settlement Class as defined below is so numerous that joinder of all members is not practicable, questions of law and fact are common to the Settlement Class, the claims of the Class Representative are typical of the claims of the Settlement Class, and the Class Representative has fairly and adequately protected the interests of the Settlement Class. Questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members, and class action treatment is superior over individual actions.

6. Notice to the Settlement Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order, by mailing such Notice by first-class mail. The Settlement Administrator, Kroll, LLC, also placed the Notice on the settlement website. Thus, notice has been given in an adequate and sufficient manner, constitutes the best notice practicable under the circumstances, and satisfies all requirements of Rule 23(e) and due process.

7. In accordance with the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, the Settlement Administrator caused to be mailed a copy

of the proposed class action settlement and all other documents required by law to the Attorney General of the United States and the Attorneys General in each of the jurisdictions where Settlement Class Members reside. None of the Attorneys General filed objections to the Settlement. The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, have been satisfied.

8. The Settlement was a result of arm's-length negotiation by experienced counsel with an understanding of the strengths and weaknesses of their respective cases. The Settlement is fair, reasonable, and adequate, and serves the best interests of the Settlement Class in light of all the relevant factors including the benefits afforded to the Settlement Class, the complexity, expense, uncertainty, and duration of litigation, and the risks involved in establishing liability, damages, and in maintaining the class action through trial and appeal.

9. The Parties and Settlement Class Members have submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of this Settlement.

10. It is in the best interests of the Parties and the Settlement Class Members, and consistent with principles of judicial economy, that any dispute between any Settlement Class Member (including any dispute as to whether any person is a Settlement Class Member) and any Released Party which in any way

relates to the applicability or scope of the Settlement Agreement or this Final Order and Judgment should be presented exclusively to this Court for resolution.

11. The Court certifies, for settlement purposes only, the following Settlement Class:

> *All individuals who purchased or leased in the United States a Dodge Grand Caravan built between January 1, 2017 and December 31, 2017.*

Excluded from the Settlement Class are: FCA US; any affiliate, parent, or subsidiary of FCA US; any entity in which FCA US has a controlling interest; any officer, director, or employee of FCA US; any successor or assign of FCA US; and any judge to whom this Action is assigned, his or her spouse; individuals and/or entities who validly and timely opt-out of the settlement; and current or former owners of Class Vehicles who previously released their claims in an individual settlement with FCA US relating to the Action.

12. The Settlement Agreement submitted by the Parties is finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable, adequate, and in the best interests of the Settlement Class. The Parties are directed to perform all obligations under the Settlement Agreement in accordance with its terms.

13. The Parties and each person within the definition of the Settlement Class are hereby bound by the terms and conditions of the Settlement Agreement, except for those who have duly and timely excluded themselves. A list of the names

of each Settlement Class Member who has filed a timely and proper request for exclusion from the Settlement Class under the procedures set forth in the Settlement Agreement was submitted to the Court on August 14, 2025 as Exhibit E to the Dudinsky Declaration.

14. The Court hereby appoints Kelly Mayor as Class Representative for the Settlement Class.

15. The Court hereby appoints the Miller Law Firm, PC; Beasley, Allen, Crow, Methvin, Portis & Miles PC; Dicello Levitt LLP; and McCune Law Group, APC as Co-Lead Class Counsel.

16. The Litigation is hereby dismissed with prejudice and without costs. This Judgment has been entered without any admission by any Party as to the merits of any allegation in this Litigation and shall not constitute a finding of either fact or law as to the merits of any claim or defense asserted in the Litigation.

17. The Released Claims of all Settlement Class Members are hereby fully, finally, and forever released, discharged, compromised, settled, relinquished, and dismissed with prejudice against all of the Released Parties.

18. Members of the Settlement Class and their successors and assigns are hereby permanently barred and enjoined from asserting, commencing, prosecuting, or continuing to prosecute, either directly or indirectly, in any manner, any Released

Claim against any one of the Released Parties in any forum, with the exception of any Settlement Class Members who have duly and timely excluded themselves.

19. The Settlement Agreement, Settlement-related documents, and/or the Court's approval thereof, does not constitute, and is not to be used or construed as, any admission by Defendant or by any Released Party of any allegations, claims, or alleged wrongdoing.

20. Without affecting the finality of this judgment, the Court's retained jurisdiction of this Settlement also includes the administration and consummation of the Settlement. In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction of, and the Parties and all Settlement Class Members are hereby deemed to have submitted to the exclusive jurisdiction of this Court for, any suit, action, proceeding, or dispute arising out of or relating to this Final Order and Judgment, the Settlement Agreement, or the Applicability of the Settlement Agreement. Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration, or other proceeding by a Class Member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action, or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action, or proceeding, to the fullest extent possible under applicable law, the Parties

hereto and all persons within the definition of the Settlement Class are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense, or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

21. The Court finds that the Settlement Class Members were given a full and fair opportunity to object to the Settlement, to exclude themselves from the Settlement Class, and/or to appear at the final fairness hearing pursuant to the requirements set forth in the Settlement Agreement, Preliminary Approval Order, and Class Notice.

22. The Court finds that no just reason exists for delay in entering this Final Order and Judgment. Accordingly, the Clerk is hereby directed to enter final judgment.

**IT IS SO ORDERED.**


Dated: September 16, 2025      By:     s/Shalina D. Kumar
                                       Judge Shalina D. Kumar
                                       United States District Judge